JAMES BUCHANAN *v.* THE CRUCIBLE STEEL CASTING & METAL CO.

[Abstract Kentucky Law Reporter, Vol. 5—178, as Buchanan v. The Crucible Steel Casting and Metal Co.]

**Operation of Deed of Conveyance.**

A deed for more land than the grantor owns operates to convey so much as he can lawfully convey.

**Jurisdiction of the Court to Confer Title.**

Where the court has jurisdiction of the person and subject of the action, the title acquired by the purchase of real estate ordered sold in such action is good.

APPEAL FROM LOUISVILLE CHANCERY COURT.

June 12, 1883.

OPINION BY JUDGE HARGIS:

In action 21454 the parties were properly before the court and the interest of Hawley correctly described in the petition as one-fourth and one-twelfth of the property decreed to be sold. The statement in the decree that he owned one-ninth instead of one-twelfth did not render it void nor prejudice his rights, as the interest he actually owned passed under the decretal sale, and as a deed for more land than the grantor owns operates to convey so much as he can lawfully convey. Were this error it was voidable by appeal, which was not taken.

The suit 23206 was brought in the court having jurisdiction of the subject of the action, and while Dennis, who owned one-twelfth and an equitable title to one-fourth of the remainder of the property described in action 21454, was not served with process on the original

petition; he was actually served with process on the cross-petition of the holders of the mechanics' liens on the same property, and the decree against him for their debts and directing the sale of the whole of the property to pay them, and those of the original petitioners who held mortgage and vendor's liens, was subject to reversal on his appeal because more land was ordered to be sold than necessary to pay the just claims of the cross-petitioners, but the judgment is not void. The court had jurisdiction of the person and subject of the action on the cross-petition, and according to *Doyle v. Sleeper,* 1 Dana (Ky.) 531; *Shiveley's Admrs. v. Jones,* 6 B. Mon. (Ky.) 274; and *Yocum v. Foreman,* 14 Bush (Ky.) 494, the title acquired by the purchase is good and could not be affected for the causes alleged by appellant as an excuse for noncompliance with the terms of his purchase.

The judgment is *affirmed.*

*Bullitt & Harris, for appellant.*

*Garvin Bell, Rodman & Brown, A. P. Humphreys, for appellee.*