## WEHMEYER v. WAGNER.

No. 32816.  Sept. 9, 1947.

Rehearing Denied Oct. 7, 1947.

*185 P. 2d 198.*

W. R. Kerr, of Tulsa, for plaintiff in error.

E. D. Brewer, of Tulsa, for defendant in error.

DAVISON, V.C.J.  Plaintiff, Dorothy Wagner, brought this action against Christine Wehmeyer to quiet her title to a one-half undivided interest in certain real estate, consisting of a house and lot in the city of Tulsa, for partition, and an accounting of rents received by the defendant.

The evidence is in sharp conflict on most questions.  It appears that plaintiff and defendant, who were nurses, had been very close friends and had lived together some 30 years or more.  They came to Tulsa from Bartlesville, Okla., and, after living in rent houses for several years, purchased a place jointly in 1927. There is much evidence in the record concerning their various sales, purchases, and transfers of real estate, which is relatively unimportant until, in 1939, they sold the place they were then living in and moved to what is called the Columbia property, the subject of this litigation.  Properties owned by them, on different occasions in previous years, had been purchased in their joint names or the name of either, individually, but there is no dispute about the fact that the equitable title to each was jointly owned.

Shortly after the sale in 1939, two other properties were purchased.  One was the above mentioned Columbia property, a duplex apartment house, into one side of which both parties moved.  The other was another duplex apartment house known as the Eighth street property.  The title to the former was taken in the name of the defendant; that to the latter in the name of the plaintiff.  Both properties were heavily mortgaged.

It was the contention of plaintiff that both properties were jointly owned; that the Eighth street property was lost because of the burden of the payments on the mortgage indebtedness; that she was the owner of a one-half undivided interest in the Columbia property, as evidenced by a quitclaim deed from defendant to her of April 24, 1942; that defendant had held exclusive possession thereof after June, 1944, denying plaintiff's title, and during said time had collected rents, to which plaintiff was entitled in the amount of $520.

Defendant contended that the proceeds from the 1939 sale were divided between the parties; that the Eighth street property was individually purchased by the plaintiff and the Columbia property was individually purchased by defendant; that the quitclaim deed of April 24, 1942, was obtained by fraud and misrepresentation; that plaintiff owned no part of the property herein involved and prayed that the above deed be cancelled and defendant's title be quieted, and that she collect damages caused by plaintiff's false claim.

Defendant's motion to make the petition more definite and certain, and also her demurrer thereto, were overruled and the cause tried to the court. Judgment was rendered for plaintiff and defendant has brought the case here on appeal, relying upon three propositions for reversal: First, error in overruling the motion to make more definite and certain; second, error in overruling the demurrer to the petition; third, that the judgment is against the clear weight of the competent evidence.

No case has been called to our attention sustaining the position of the plaintiff in error upon her first and second propositions, nor do we find, upon independent investigations, any error in the action of the trial court overruling the motion and demurrer. Almost the entire brief is devoted to the sufficiency of the evidence to support the judgment.

Appellant strenuously argues the proposition that the quitclaim deed, executed by her to the plaintiff, was without consideration and was given because plaintiff had falsely informed her that such was required by the bank, from which they had borrowed money, and that plaintiff had refused to deed the property back to her after the indebtedness was paid to the bank.

The parties had lived as a unit for many years, pooling their individual earnings as nurses, and in spare time attending to the necessary household duties. Their furniture was jointly purchased. Equities in various pieces of real estate had been so acquired. There is little to indicate that the property here involved was bought in a different manner. The defendant testified it was. The plaintiff contradicted her. The quitclaim deed involved indicates that it was a conveyance of the legal title in conformity with the ownership of the equitable title.

"Cancelling an executed contract is an exertion of the most extraordinary power of a court of equity. The power ought not to be exercised except in a clear case, and never for an alleged fraud unless the fraud be made clearly to appear; never for alleged false representations unless their falsity is certainly proved, and unless the complainant has been deceived and injured by them." Stafford v. McDougal, 171 Okla. 106, 42 P. 2d 520; followed in Burke v. King, 176 Okla. 625, 56 P. 2d 1185.

As above stated, the evidence herein was conflicting, and where the judgment of the trial court in a case of equitable cognizance is not against the clear weight of the evidence, the same will not be disturbed on appeal.

The judgment is affirmed.

HURST, C.J., and RILEY, BAYLESS, WELCH, CORN, and LUTTRELL, JJ., concur.