DAVENPORT et al. v. BOARD OF EDUCATION OF CITY OF DRUMRIGHT.

No. 34035.   April 10, 1951.

*230 P. 2d 271.*

Sterling N. Grubbs, Cushing, for plaintiffs in error.

S. A. Denyer, Drumright, for defendant in error.

CORN, J. In 1905 School District No. 104 went into possession of a one-acre tract on the farm of John Powell and wife and constructed a school building thereon. Over the years a teacherage, garage, well, well-house and cave were constructed and the area enclosed by a fence. In 1925 a second acre, enclosing the original tract to the west and north, was purchased from the Powell's successor in title. The entire area was enclosed by a permanent fence. School was maintained there from 1905 until 1947, when, under authority of H.B. 85, chap. 21, S.L. 1947, this school was transferred to the present defendant. The plaintiff took title to the tract of which this two acres was a part, by inheritance and purchase.

In November, 1947, plaintiff, record owner of the tract, brought this action to recover possession of the land and for rental thereon. The petition alleged plaintiff's ownership and right of possession of the two-acre tract; deraigned title from John Powell and wife; alleged defendant unlawfully and wrongfully withheld possession, and claimed some interest adverse to plaintiff, who asked judgment for the possession and to quiet his title to the land involved.

Defendant admitted possession of the property, but alleged that as to the original acre, its predecessor in title, School District No. 104, had gone into possession in 1905 by reason of the Powells' donation of the land, had built improvements thereon, and had maintained uninterrupted possession until 1947 when defendant took possession. As to the second acre, defendant held possession under a warranty deed from one in the chain of title, which deed contained a reversionary clause to the grantor in the event the property ceased to be used for school purposes. Defendant disclaimed any interest to this portion, since it had ceased to be used for school purposes in 1947. Defendant then alleged ownership of fee-simple title to the original one acre, pleaded the statute of limitations against plaintiff, and his wife who was made a party, and estoppel against plaintiffs to claim interest therein; that by virtue of H.B. 85, supra, a valid order had been made annexing the property of

the disorganized school district to this defendant, in which the assets of the disorganized district vested. By cross-petition defendant sought judgment quieting its own title to the original acre.

Plaintiffs filed reply, and answer to the cross-petition, in form of a general denial. Defendant then filed amended answer alleging all the deeds and decrees executed subsequent to the Powells' gift of the original acre to be champertous and void, in violation of 21 O.S. 1941 §548.

Upon trial of the issues the trial court quieted plaintiffs' title to the second acre, since the deed contained the reversion clause, and the land admittedly was no longer used for school purposes, defendant having disclaimed further interest therein. As to the original acre, the trial court found that same, and the improvements, had vested in defendant and quieted defendant's title.

The only question necessary for consideration is whether the evidence is sufficient to sustain the trial court's judgment that title to the land in question passed from the Powells to the defendant's predecessor in title by parol gift.

The general rule is that, even where accompanied by possession, a parol gift of land is ineffective to pass title. 38 C.J.S., Gifts, §57; 24 Am. Jur., Gifts, §68. However, an exception to this rule, and one which likewise is generally recognized, is stated in 38 C.J.S., Gifts, §57 (b) as follows:

"The general rule is that a parol gift of land, accompanied by possession by the donee, will be enforced in equity, when the donee has been induced by the promise of the gift to make valuable improvements to the land, of a permanent nature, and to such an extent as to render a revocation of the gift unjust, inequitable, and a fraud on the donee. . . . It must be shown, however, that a present gift was intended, that possession was given and taken in pursuance of, and in reliance on, the gift, with the knowledge and consent of the giver, and that such possession was exclusive. . . ."

We have adhered to this rule in Johnson v. Kimmell, 172 Okla. 315, 44 P. 2d 978, and Travelers Ins. Co., etc., v. Baker, 182 Okla. 191, 77 P. 2d 23. In the latter case it was pointed out that in order for a parol gift of real property to be valid there must be: (1) intent to give; (2) delivery; (3) acceptance. And, in that opinion, we approved the rule in Nolan v. Mathis, Adm'r, 134 Okla. 70, 272 P. 857, which is as follows:

"To sustain a parol gift of real estate the evidence must go further than a mere preponderance; the same must be clear, explicit, and convincing as to every element necessary to constitute a valid gift."

With these rules in mind, it is necessary to examine the record to ascertain whether the evidence clearly established the presence of each essential element necessary to uphold a valid gift of the tract in question. It is undisputed that the Powells donated the original acre; that a school building was constructed thereon, and that school continued uninterruptedly there over the years. From time to time additional, permanent improvements were made, all on the original tract, and at no time was objection made to continuation of the school. There was testimony that the Powells donated the land for a school site for all the people in the community. One son testified to having heard his mother and father discuss the matter, and that they stated they had given the land to the school district, and for religious purposes. Another son testified that it was known in the community the one acre came from his parents; that he thought the school district owned this, and he never knew of his parents claiming any interest in the property after the school took possession. Certain individuals, who had served on the school board over the years, testified the school always had

possession and made continuous claim of ownership, and the property bore the reputation of having been donated to the school district. A successor in title to the Powells (Banzet) recognized the school district's claim by staking off the land where the fence enclosed the original acre, and later planted trees along the south side of his land, but stopped when the school land was reached. Between 1931 and 1948, the plaintiff, as well as his predecessor in title, always had their property assessed for taxation "less School." And, prior to acquisition of the adjacent tract, one school board member signed the annual school board minutes showing the district claimed two acres of land.

Plaintiffs' evidence raised a sharp conflict concerning the nature and intention of the donors' gift of the school land. Plaintiffs testified the one acre was given only for school purposes; that the school district held the original acre on the same basis as the second (deeded) acre, and that it was to "go back" when not used for school purposes. One witness testified to having attended a meeting called in 1905 for the purpose of establishing the school; that Powell told the gathering he would give a site for the school, so long as they wanted to use it for school purposes.

Although recognizing the sharp conflict in the testimony, we are of the opinion that the evidence fully satisfies the requirements for establishing a valid gift by parol, under the rules set out above. This was an equitable proceeding, and the trial court's judgment will not be disturbed on appeal unless such judgment is clearly against the weight of the evidence. Preston v. Preston, supra.

Judgment affirmed.

ARNOLD, C.J., and GIBSON, DAVISON, HALLEY, JOHNSON, and O'NEAL, JJ., concur.