YOUNGE et al. v. KNAPPENBERGER.

No. 34414. Feb. 12, 1952.

*240 P. 2d 1114.*

Gilbert W. Daney, Atoka, for plaintiffs in error.

Paul & McPheron, Durant, for defendant in error.

GIBSON, J. For convenience the parties will be designated as they appeared in the trial court. Plaintiffs in error were defendants.

Plaintiff commenced the action by filing her petition wherein she alleged ownership of two parcels of real estate in Atoka county. The legal descriptions are complicated and we need not encumber this opinion with their recital.

It was alleged that plaintiff acquired title to one tract under a warranty deed from Hazel Fern Atteberry and Mont F. Atteberry, her husband, under date of April 22, 1926; that the other tract was purchased from one Clarence Gorrell on June 6, 1946. It is said that the record title to the last mentioned tract was placed in the name of defendant Hunter Fred Younge, Sr., who holds the same in trust for plaintiff; that defendant paid no consideration for this land; has paid no taxes thereon and has not been in possession. The other tract was conveyed, by deed, to both defendants by the plaintiff on January 22, 1946, but it is said that defendants paid no consideration for the same; that it was not a gift but that it was to be held in trust for plaintiff with the understanding that the land was to be deeded back to plaintiff on demand. Demand to reconvey to plaintiff is alleged as to both tracts, which demands were refused by defendants. It is further alleged that plaintiff has been in possession of the lands and has paid all taxes thereon, and has paid off a mortgage on one tract with her own funds.

Plaintiff prays judgment that the title to the real estate be quieted in her; that it be declared that defendants held the title thereto in trust for the use and benefit of plaintiff, and for a decree requiring defendants to convey the property to plaintiff.

For answer defendants make certain admissions but deny ownership by plaintiff and deny the trust relationship, and cross-petition to have the title quieted in them.

In rendering his judgment the court found that defendants held the titles to the real estate in trust for the plaintiffs, and it was adjudged that plaintiff was the owner of the legal and equitable title. Defendants were enjoined from asserting or claiming any title to the real estate, and they were ordered to execute and deliver to the plaintiff a quitclaim deed to the properties within ten days.

The evidence as to many of the transactions between the parties and as to facts creating the trust relationship is in sharp conflict. Plaintiff is the mother of defendant Hunter F. Younge, and this case deals with an unfortunate existence of bitterness and strife between a mother and her son.

Hunter F. Younge was the sole witness testifying for defendants. Plaintiff was corroborated in certain disputed details and transactions by several witnesses and by documentary evidence such as deeds, and receipts for payment of taxes and for her payment of loans, in connection with purchase of the lands. The evidence reveals that plaintiff retained possession of the lands after the disputed conveyances; that she paid the taxes thereon and she paid off a mortgage on one tract. Plaintiff collected the rents and profits from the real estate. There is ample evidence to sustain the finding of the trial court to the effect that title to the property was held by defendants in trust for the plaintiff.

"In an action of purely equitable cognizance, this court will review the entire record and weigh the evidence, but will not disturb the judgment where it is not against the clear weight of the evidence." Bell v. Brockman, 190 Okla. 583, 126 P. 2d 78; Wahby v.

Renegar, 199 Okla. 191, 185 P. 2d 184; Wehmeyer v. Wagner, 199 Okla. 236, 185 P. 2d 198.

The trial court's judgment did not specifically quiet title although such relief was prayed by both parties. But the effect of the judgment was to quiet title in the plaintiff since it declared the legal and equitable title to be vested in her and enjoined defendants from asserting title.

Bryant v. Mahan, 130 Okla. 67, 264 P. 811, was a case with a factual foundation similar to the instant case and wherein judgment was rendered very similar to the one rendered in this case. Therein we discussed the distinctions between express trusts and resulting trusts, and cited the applicable statutes and numerous authorities. We held that a resulting trust is not within the statute of frauds and therefore may be established by parol evidence.

Herein defendants contend that the evidence is insufficient to establish a resulting trust. The trial court held to the contrary. The judgment is not only not against the clear weight of the evidence but, in our opinion, it is sustained by a preponderance of the evidence.

Affirmed.

HALLEY, V. C. J., and WELCH, CORN, DAVISON, JOHNSON, and O'NEAL, JJ., concur.

