TOWN OF NICHOLS HILLS et al.
v. ADERHOLD.

No. 35321.   Oct. 21, 1952.

*250 P. 2d 36.*

Robert O. Bailey, Oklahoma City, · Harry O. Glasser, Enid, and Twyford, Smith & Crowe, Oklahoma City, for plaintiffs in error.

J. A. Rinehart, El Reno, and William T. Billups and William R. Herring, Oklahoma City, for defendant in error.

O'NEAL, J. We are here confronted with the problem as to whether or not the judgment of the trial court vacating an order of the board of adjustment of the town of Nichols Hills, Oklahoma, denying the petitioner a building permit for lot 14, block 16, town of Nichols Hills, is supported by the evidence and the law. For reasons hereinafter noted, we sustain the judgment of the trial court.

The applicant for the permit will be referred to as petitioner, the town of Nichols Hills, as respondent, and certain residential owners in the town of Nichols Hills will be referred to as interveners.

The issues here merge from the following series of events: The petitioner, George W. Aderhold, as owner of lot 14, block 16, town of Nichols Hills, applied to the town clerk of the town of Nichols Hills, for a building permit to erect a residence upon said lot for occupancy of himself and family. The town clerk refused to issue the permit stating as grounds therefor: "A building permit is denied for the reason that, in my opinion, the plans as submitted violate the platted restrictions." Thereupon the petitioner appealed to the board of adjustment of the town of Nichols Hills, and upon a hearing the board sustained the order of the town clerk denying petitioner a permit to build a residence on said lot. Thereafter an appeal was taken to the district court where a trial was had de novo.

·Under a stipulation filed in the trial court certain residential owners in Nichols Hills were permitted to file a petition of intervention. The response of the town of Nichols Hills and the

intervening petitioners to sustain the order of the board of adjustment pleaded certain provisions of a plat of the town of Nichols Hills, together with the owners' certificate and dedication thereto annexed, filed and recorded on October 8, 1929, which certificate and dedication, among other things, provides:

"Frontage: Every residence erected on any lot shall front or present a good frontage on the street or streets on which said plot fronts."

It is then pleaded that the restrictions are covenants running with the land and bind all subsequent purchasers of lots within the addition. Certain ordinances of the town of Nichols Hills are relied upon which provide for the creation of a board of adjustment to hear and determine appeals from the order of the town clerk in granting or denying building permits. Interveners plead that they have complied with said restrictions and ordinances, and state that the proposed residence of the owner, under the plans submitted, would seriously impair and damage the value of their properties and make them less desirable for residential purposes. The prayer of the respondent and interveners seeks a perpetual injunction against petitioner from proceeding with the erection of the building on said lot upon the ground that the proposed building is in violation of the restrictions referred to.

Upon the trial of the issues thus joined, the court vacated the order of the board of adjustment and denied respondent and interveners the injunctive relief prayed for. The judgment is based upon the court's finding that the proposed structure would not violate the plat restrictions and therefore held that the order of the board of adjustment should be reversed, and that respondent should issue the building permit to said petitioner. The finding and judgment of the trial court is based upon its equitable cognizance, and we will not disturb the finding and judgment, unless such finding and judgment is against the clear weight of the evidence. Atteberry v. Aulick, 204 Okla. 540, 231 P. 2d 993; Bartlett v. Lashley, 204 Okla. 299, 229 P. 2d 185; Davenport v. Board of Education, 204 Okla. 356, 230 P. 2d 271; Freeman v. Benton, 199 Okla. 669, 189 P. 2d 944; Taylor v. Davis, 199 Okla. 260, 185 P. 2d 444, and Wehmeyer v. Wagner, 199 Okla. 236, 185 P. 2d 198.

Respondent and interveners here assert that the judgment of the trial court cannot be sustained for the following reasons: (a) Because the court erred in the admission of incompetent and immaterial evidence; (b) under the undisputed facts, the proposed residence violated and failed to comply with the plat restriction and town ordinance. Therefore, the permit should not have been granted and the judgment of the board of adjustment should have been affirmed.

We find no error in the admission of the evidence complained of. Respondent and interveners plead that the petitioner's proposed plans violated the provisions of the plat restrictions, which read:

"Frontage: Every residence erected on any lot shall front or present a good frontage on the street or streets on which said plot fronts."

Interveners testified that they bought their residence properties in Nichols Hills relying on the quoted restriction, and, in their opinion, the proposed residence of the petitioner, under the plans and specifications submitted, would be objectionable to them and would decrease the desirability of their respective residence properties and make the same less valuable. Respondent introduced in evidence certain drawings of the proposed building which disclose that one wall of the building would have only one small window. The objection lodged against this type of construction was that the architectural design was novel and an innovation and not in conformity with the general type of residence properties in the area. These witnesses ex-

pressed the opinion that the proposed residence would not present a good front and frontage, and did not comply with the restriction of the plat in that the proposed building would not front or have a good frontage on Brentwood avenue.

In addition to the foregoing evidence, respondent and interveners introduced the evidence of a Professor of Architecture who, qualifying as an expert witness, gave it as his opinion that the entrance of the building was on the side thereof. This witness was asked the following question:

"Q. Professor, assuming that this picture plat, No. 2, is a projection of these plans, colored, of course, as this house will appear when finished, and the profile in place as it would be viewed from the side—from the south property line, at an elevation of six feet above Brentwood Avenue, that is, a man that is six feet in height and looking at it from that standpoint, and assuming that this is a proper projection, would you say that presents a good frontage, from the point?"

To the foregoing question the witness responded:

"A. I would prefer not to answer that question."

Two additional witnesses for respondent and interveners who qualified as experts in the building profession gave it as their opinion that the drawing of the proposed building shows that its front elevation would be on the south line and that they did not consider such an entrance would present a good frontage to the building.

It will thus be seen that respondent and interveners contend as follows: (1) That the petitioner's proposed building should front Brentwood Avenue; (2) that the building should present a good frontage on Brentwood avenue.

The petitioner, a duly licensed and qualified architect, testified in his own behalf that the term "presents a good frontage," as that term is employed in the plat restriction, means that the residence would present a good frontage on Brentwood avenue which runs in front of it. His testimony was in direct opposition to the expert evidence opinion of the two contractors testifying in behalf of the respondent and interveners who expressed the opinion that the building would not present a good frontage on Brentwood avenue.

In addition to the petitioner, three licensed and experienced architects, after being qualified as expert witnesses, were, over objections and exceptions of respondent and interveners, permitted to give it as their opinion that the house proposed to be built by petitioner on the lot in question presented a good frontage on the street on which the lot faced.

It is contended by respondent and interveners that the trial court erred in permitting the introduction of this expert testimony by petitioner for the reason "that the type of architecture is not an issue in the case and it doesn't tend to prove any issue in the case, and for the further reason there is nothing in this case that requires expert testimony."

We do not agree with this contention. In construing the meaning of the quoted restriction, the court properly permitted the architects and contractors to state their professional opinion as to the meaning of the phrase, "Every residence erected on any lot shall front or present a good frontage on the street or streets on which said plot fronts."

This court held in Margay Oil Corporation v. Jamison, Adm'r, 177 Okla. 433, 59 P. 2d 790, as follows:

"A witness' opinion is admissible in evidence, not only where scientific knowledge is required to comprehend the matter testified about, but also where experience and observation in a special calling of the witness give him knowledge of the subject in question beyond that of persons of common experience."

The opinion of the architects and the building contractors as to whether a certain architectural design does or does not present a good frontage may be of material aid to the trier of the facts drawn in issue.

In the case of Oklahoma Gas & Electric Co. v. Oliphant, 172 Okla. 635, 45 P. 2d 1077, this court quoted with approval, Joyce on Evidence, §367, p. 459, wherein the general rule on opinion evidence is stated, as follows:

"Where the subject under investigation is unfamiliar to the jury, or even to the judge, there would be no adequate mode of arriving at any satisfactory conclusion if expert testimony were rejected; and in recognition of this fact the courts have adopted the rule of admitting opinions of witnesses whenever the subject-matter of inquiry is such that inexperienced persons are unlikely to prove capable of forming a correct judgment upon it without such assistance."

In Tibbets & Pleasant, Inc., v. Cook, 143 Okla. 101, 287 P. 1014, this court stated in the second paragraph of the syllabus, as follows:

"In a case where the subject-matter is one with which the average experience and common sense of the jury or triers of fact are insufficient to deal, and from the primary facts, they cannot intelligently determine the ultimate facts, or reach the proper conclusion which should be deduced therefrom, there becomes competent as evidence the opinion of one who, from study and experience, is an expert in his knowledge of such matter, and, when the court receives such proffered proof, the same does not constitute reversible error."

The record bears cogent support of petitioner's assertion that there was no conformity of architectural design or the frontage of buildings with reference to the abutting streets. Clearly, the plat restrictions did not compel architectural conformity in either respect. We find in the record, as exhibits, photographs of twelve homes located in the town of Nichols Hills, and types of architecture are as varied as the schools of architecture which they express. One of the interveners identified Exhibit 4, and expressed his opinion, as a building contractor, that the building did not present a good design because the house had no visible windows or doors from the frontage view. With reference to Exhibit 6, the witness stated that, in his opinion, the house did not present a good frontage. He made the same response with reference to Exhibits 5 and 8.

A review of the entire records leads us to the conclusion that the findings and judgment of the trial court should be and the same are hereby affirmed.

HALLEY, V. C. J., and WELCH, JOHNSON, and BINGAMAN, JJ., concur.