## YORK v. PERKINS et al.

Court of Appeals of Kentucky.

June 11, 1954.

S. M. Ward, Hazard, for appellant.

Fred K. Cope, Hazard, for appellees.

SIMS, Chief Justice.

This is a suit to quiet title to approximately two acres of a wedge shaped strip of land in Perry County. The petition averred that plaintiff, Felix York, was the owner of the tract in dispute and defendants, America Perkins and Will Shepard, were trespassing thereon and had wrongfully removed a fence separating plaintiff's land from defendants'. The answer was a general denial. The chancellor dismissed the petition and this appeal followed.

Plaintiff contends the chancellor erred in failing to correctly establish the property line between the parties.

The title of the parties originated in the division of the old Cornett estate. Henry Cornett, under whom defendants claim, was a brother to Polly Cornett, under whom plaintiff claims. In the division of the Cornett estate in 1900, there was conveyed by the master commissioner to Henry Cornett a certain tract, which was east, or up the river, from the Polly Cornett tract. There was conveyed to Polly Cornett by the master commissioner in the same division a tract which was west of the Henry Cornett tract, but adjoining it and there was a common boundary line between these two tracts.

In the commissioner's deed to Polly the third call is N 24½ W 60, and in the commissioner's deed to Henry, the closing call, which was a reverse call, is S 24½ E 60 poles. In a mineral deed Henry Cornett, defendants' remote grantor, executed to C. G. Bowman in 1905, this call is N 24½ W 60 poles, which corresponds with the division line in the commissioner's deed in 1900.

The deed upon which defendants base their claim is dated 1916. In this deed from Henry Cornett to John Begley, there was no attempt to follow the original courses and distances given in the 1900 deeds of the master commissioner, but this pertinent call is:

"Beginning on two sycamores and rock marked X; thence a straight line to two small hickories above the county road; thence with same degree to top of ridge."

When this line is run with a compass it goes from the rock N 45 W to the top of the spur.

This marked rock and the two sycamores are agreed upon by both parties as the starting point. The question is whether the boundary line runs from this rock N 24½ W 60 poles to the top of the spur as contended by plaintiff, or N 45 W to the top of the spur as contended by defendants.

It is defendants' contention that the line claimed by them is the old original line between the properties and has been so recognized by the people who knew the line more than 40 years and helped survey it. Plaintiff insists that Henry Cornett's deed to John Begley in 1916 was an attempt to convey property which Cornett did not own, therefore Begley took no interest in the land in question. Neither party claims title by adverse possession but each entirely relies upon his paper title.

The record shows a common boundary line in 1900; it further shows defendants' remote grantor, Henry Cornett, recognized this line in his 1905 mineral deed. Then in 1916 Henry Cornett purported to convey a greater title than he owned, and it is under this grant which defendants claim. It is elementary that a deed can only convey title to land actually owned by grantor and the grantee takes no greater title under a deed than the grantor had. 26 C.J. S., Deeds, § 104b, p. 382; Buchanan v. Crucible Steel Casting & Metal Co., 5 Ky. Law Rep. 178; KRS 381.150.

Since the record discloses the paper title to the land in controversy is in plaintiff, and there is no claim of adverse possession, the lower court was in error in adjudging that plaintiff's petition be dismissed. The judgment is reversed and one will be entered adjudging title to the land in controversy to be in plaintiff.