450 P.2d 990

Loyd O. GARDNER and Jeanine Gardner, husband and wife, and Clarence Hutchison and Zoa F. Hutchison, husband and wife, Plaintiffs-Respondents,

v.

Norman O. FLIEGEL and Mildred O. Fliegel, husband and wife, Defendants-Appellants.

No. 10126.

Supreme Court of Idaho.

Feb. 27, 1969.

C. H. Higer, Emmett, for appellants.

Louie Gorrono, Emmett, for respondents.

DONALDSON, Justice.

Plaintiffs (respondents) Loyd and Jeanine Gardner, husband and wife, and Clarence and Zoa Hutchison, husband and wife, instituted this action January 24, 1966, to quiet title to certain real property and to recover damages of $1,000.00. Defendants (appellants) Norman O. and Mildred Fliegel, husband and wife, answered the complaint and counterclaimed, praying that title be quieted in their favor and that they be awarded damages in the sum of $1,500.00. The property in question, located in Gem County, Idaho has the following description:

"Beginning at the SE corner of the SW ¼ of SE ¼, Sec. 30, Twp. 7 N., R. 1 W.B.M., thence North 33 feet to the point of beginning; thence

"North on the ¼ ¼ line 222 feet; thence

"N. 37 00'W., 50 feet, to a point, said point being 30 feet West of the East line of said ¼; thence

"South 261.83 feet to the North line of the State Highway right-of-way; thence

"East 30 feet, to the point of beginning of the land being described.

"Including all water and ditch rights appurtenant thereto or used in connection therewith."

After trial without a jury, the district court entered findings of fact, conclusions of law and decree quieting fee simple title in the Hutchisons subject to the contract equity of the Gardners; denying relief to the Fliegels; enjoining the Fliegels from interfering in any manner with respondents' rights in the property; commanding the Fliegels to remove from the property fences and other personalty placed there by them; and assessing damages against the Fliegels and in favor of the Gardners in the sum of $60.00 for the destruction of certain fences belonging to the Gardners.

The facts indicate that Elbert Himes and certain other parties owned 20 acres of rural land in Gem County, including the property in controversy here. In October, 1956, all the property, except for approximately one-half acre which is not the subject matter of this suit, was conveyed to the Hutchisons. In June, 1959, the Hutchisons conveyed by warranty deed a portion of the property to Mr. and Mrs. Claude Woods described as follows:

"A tract of land in the SW ¼ of the SE ¼ of section 30 Tp. 7 N R 1 W.B. M., described as follows to-wit: From the South ¼ corner of section 30 Tp. 7 N R 1 W.B.M., run East on the section line 949 ft. Thence North 33 feet to the North line of the State Highway Right of Way, the point of beginning. Thence East on the North line of said Right of Way, 367 ft. to the East line of the said SW ¼ of the SE ¼, thence North on the ¼ ¼ line 222 ft. to the South bank

of the Emmett Irrigation Dist. lateral No. 2, thence Northwesterly along said South bank of lateral on the following courses, N. 37°00 W 300 feet, thence N 46°00 W 266 ft. to a point 949 ft. East of the West line of the said SW ¼ of the SE ¼, Thence South parallel to the West line of said ¼ 647 ft. to the point of beginning. Containing 3.38 acres. Less a strip of land 30 ft. wide off the East side for raodway [sic] and all ditch Rights of Ways."

The property thereafter was conveyed by two separate warranty deeds from the Woods to the Fliegels. The deed covering the easterly portion of the property included the phrase "less a strip 30 feet wide off the East side for roadway and all ditch rights of way." In June, 1965, the Woods also executed a quitclaim deed in favor of the Fliegels to the following property:

"A tract of land in the SW ¼ of the SE ¼ of Section 30, Twp. 7 N. R. 1 W.B.M., described as follows: From the South ¼ corner of Section 30, Twp. 7 N. R. 1 W. B.M., run East on South line 1156 feet; thence N. 33 feet to the N. line of the State Highway right of way, the point of beginning. Thence E. on the N. line of said right of way 160 feet to the E. line of said SW ¼ of the SE ¼; thence North on the ¼ ¼ line 222 feet to the S. bank of Emmett Irrigation District lateral No. 2; thence Northwestwardly along the South bank of the lateral on the following course: N. 37°00′W. 285 feet; thence South parallel to the W. line of said ¼ 440 feet to said point of beginning."

This quitclaim deed quitclaimed any rights that the Woods had to the 30 foot strip of land which is the subject matter of this action. In June, 1962, the Hutchisons agreed to sell to the Gardners the following described property:

"The E ½ of the SW ¼ of the SE ¼ of Section 30, Twp. 7 N. R. 1 W.B.M., EXCEPT the following described portions thereof:

(1) Beginning at a point 846 feet East and 33 feet North of the S ¼ corner of Section 30, Twp. 7 N., R. 1 W.B.M., (said point being on the North line of the State Highway right of way); thence East along said North line of highway 103 feet; thence North parallel to the North and South ¼ section line 211.4 feet; thence West parallel to the South line of said section 103 feet; thence South parallel to said ¼ section line 211.4 feet, to said point of beginning.

(2) From the S ¼ corner of Section 30, Twp. 7 N., R. 1 W.B.M., run East on section line 949 feet; thence North 33 feet, to the North line of the State Highway right of way, the point of beginning; thence East on the North line of said right of way 367 feet, to the East line of the said SW ¼ of the SE ¼; thence North on ¼ ¼ line 222 feet to the South bank of the Emmett Irrigation District lateral No. 2; thence Northwesterly along said South bank of lateral on the following courses:

N. 37°00′W. 300 feet; thence

N. 46°00′W. 266 feet, to a point 949 feet East of the West line of the said SW ¼ of the SE ¼; thence South parallel to the West line of said quarter, 647 feet, to the said point of beginning.

Less a strip 30 feet wide off the East side for roadway. Including all water and ditch rights appurtenant to or used in connection with said property being conveyed. Subject to easements and rights of way, if any."

Subsequent to June, 1962, but prior to the execution of the quitclaim deed in 1965, controversy arose between the Fliegels and the Gardners concerning title to the property which is the subject matter of this action.

The ultimate issue presented at trial was to determine what the parties intended by the term "Less a strip of land 30 feet wide off the East side for roadway."

The Fliegels attempted to prove that they had been granted title to the 30 foot strip,

subject to an easement for a roadway. The Gardners and Hutchisons attempted to prove that the 30 foot strip was excepted completely from the conveyances to the Woods and to the Fliegels.

Finally there was evidence that the Fliegels destroyed at least $60.00 worth of fencing placed on the property by the Gardners.

Fourteen assignments of error have been alleged on appeal. Certain of these assignments, duplicative in the issues of fact and of law argued, will be discussed generally rather than specifically.

 Appellant contends that "the Court erred in allowing [Loyd] Gardner to testify with regard to what was meant by the context of the deed from Woods to Fliegel (plaintiffs' exhibit 3) Tr. P. 7, 8, 9, 10, 11, 12, 13, 14." A review of the transcript at the pages cited reveals no testimony by Gardner regarding the meaning of plaintiffs' exhibit 3. It is also assigned that "The Court erred in not holding that Fliegels were entitled to the possession of all the land Hutchinson's [*sic*] agent (Cooper) showed to them when he signed the receipt and agreement to purchase, as well as the contract of sale dated April 4th, 1961." The Court can find no evidence in the record to indicate that the Hutchisons either personally or through an agent, had any dealings with the Fliegels regarding sale of the property in dispute.

As to both the above assignments, it is fundamental that error will not be presumed but must be shown affirmatively by the appellant on the record. Hammond v. Hammond, 92 Idaho 623, 448 P.2d 237 (1968), Mahaffey v. State, 87 Idaho 233, 392 P.2d 423 (1964). Neither allegation of error, therefore, merits further review.

A number of assignments of error have been made in connection with the reception into evidence of testimony and exhibits tending to explain the import of the term "Less a strip of land 30 feet wide off the East side for roadway." The evidence complained of was:

1. Testimony of George Knowles, the surveyor who prepared the description in the Hutchison-Woods deed, with relation to the meaning of the term as it was used in the Hutchison-Woods deed and as it was thereafter used in the Woods-Fliegel warranty deed;

2. Plaintiffs' exhibit 16, certain Gem County tax receipts and tax bills relating to the property which is the subject matter of the litigation;

3. Testimony of Claude Woods as to his intent in dealing with the Fliegels;

4. Testimony of Loyd Gardner concerning the use he intended to make of his land and of the disputed land.

 In construing a deed the court should seek and, if possible, give effect to the intention of the parties. Hogan v. Blakney, 73 Idaho 274, 251 P.2d 209 (1952); Campbell v. Weisbrod, 73 Idaho 82, 245 P. 2d 1052 (1952).

 In connection with the alleged errors, we note that one must first ascertain what the parties to the Hutchison-Woods transaction intended by "Less a strip of land 30 feet wide off the East side for roadway," for it is fundamental that the Woods could not convey to the Fliegels title to a larger piece of property than originally had been conveyed to the Woods by the Hutchisons. Ordinarily a grantee (the Fliegels) acquires nothing more than the grantor (the Woods) owns and can convey.[1] Parker v. Bowlan, 242 Ark. 192, 412 S.W. 2d 597 (1967); York v. Perkins, 269 S.W. 2d 242 (Ky.1954); Kelly v. Nagle, 150 Md. 125, 132 A. 587 (1926); Williamson v. De Bruce, 213 Miss. 530, 57 So.2d 167 (1952); Findley Lake Property Owners, Inc. v. Town of Mina, 31 Misc.2d 356, 154 N.Y.S. 2d 775 (Sup.Ct.1956); Wood v. Ashby, 122 Utah 580, 253 P.2d 351 (1952); cf. Williams v. Williams, 82 Idaho 451, 354 P.2d 747 (1960). The deeds between the Woods and the Fliegels thereafter should be construed in light of the construction placed on the Hutchison-Woods deed. If the lan-

---

1. No issue of subsequently acquired title is presented in this case. See I.C. § 55–605.

guage of a deed is plain and unambiguous, it is the rule with certain exceptions that the intention of the parties must be ascertained from the deed, and parol evidence (i. e. documentary, oral, or real evidence extrinsic to the deed itself) is not admissible for such purpose. Koon v. Empey, 40 Idaho 6, 231 P. 1097 (1924); Meir-Nandorf v. Milner, 34 Idaho 396, 201 P. 720 (1921). When the language of the deed is ambiguous, the intention of the parties must be determined from all the surrounding facts and circumstances. Hogan v. Blakney, *supra;* McLean v. Row, 56 Idaho 646, 57 P.2d 689 (1936); Koon v. Empey, *supra.*

We are of the opinion that the phrase "Less a strip of land 30 feet wide off the East side for roadway" is ambiguous.[2] On the one hand it expresses the intent to retain the fee to the strip in the grantor. On the other hand it expresses the intent to create an easement for roadway over the strip in favor of the grantor. Such expressions of intent are inconsistent for the reason that "an easement is defined as a right in the lands of another, and therefore one cannot have an easement in his own lands, * * *" Johnson v. Gustafson, 49 Idaho 376, 381, 288 P. 427, 429 (1930). Inconsistencies in a deed may throw such a "shadow of ambiguity" over the instrument as to warrant the introduction of parol evidence as an aid to discovering the intention of the parties. Findley Lake Property Owners, Inc. v. Town of Mina, *supra.* The Court should treat uncertainties in a conveyance as ambiguities to be resolved by resort to the intention of the parties as revealed by the instrument itself and by evidence extrinsic to the instrument. Hogan v. Blakney, *supra.* When the intent of witnesses (Claude Woods and Loyd Gardner) is material to the issues, such witnesses are competent to testify thereto. State v. Johnson, 92

Idaho 533, 447 P.2d 10 (1968); State v. Hopple, 83 Idaho 55, 357 P.2d 656 (1960); State v. Givens, 28 Idaho 253, 152 P. 1054 (1915); State v. Jones, 25 Idaho 587, 138 P. 1116 (1914); Cope v. Davison, 30 Cal. 2d 193, 180 P.2d 873, 171 A.L.R. 667 (1947); Anderson v. Ruberg, 20 Wash.2d 103, 145 P.2d 890 (1944). The tax receipts and bills were evidence of facts and circumstances surrounding the transactions. While the intent of the surveyor Knowles in using the ambiguous phrase in the descriptions was not properly an issue to be resolved, nevertheless as an expert witness he was competent to testify concerning his opinion of its meaning. See Scoville v. De Bretteville, 50 Cal.App.2d 622, 123 P.2d 616 (Dist.Ct.App.1942); Town of Nichols Hills v. Aderhold, 207 Okla. 396, 250 P.2d 36 (1952); George H. Buckler Co. v. Hood River County, 218 Or. 293, 341 P.2d 555 (1959); Universal Investment Co. v. Carpets, Incorporated, 16 Utah 2d 336, 400 P.2d 564 (1965). The evidence objected to, being otherwise relevant and material to the issue of the intent of the parties to the various deeds, was properly accepted into evidence by the trial court.

Other assignments of error test the sufficiency of the evidence to support the findings and the judgment. Without unnecessarily extending this opinion by a detailed review of the evidence presented by both sides, it is manifest that the findings and the judgment of the trial court were supported by substantial, competent, though conflicting evidence. Under such circumstances the decision of the trial court will not be disturbed on appeal. Stephens v. New Hampshire Ins. Co., 92 Idaho 537, 447 P.2d 14 (1968). By way of caveat, however, we must repeat that the words construed herein were ambiguous. While in the instant case it is held that the property in question was excepted from the

---

2. In Cusic v. Givens, 70 Idaho 229, 215 P.2d 297 (1950), this court stated that the phrase "Except a strip of land sixteen feet wide reserved for right-of-way for road purposes along the west line of the above described land" expressed the

intent to convey the fee and reserve an easement. However, in that case the only issue to be decided was whether or not an easement had been created. There was no dispute as to ownership of the fee.

deeds, it is entirely possible that under a particular set of facts the phrase could also be construed as transferring the fee to the land while reserving an easement over the land.

■■■ Finally appellants contend that they were not notified immediately of the entry of judgment as required by I.R.C.P. rule 77(d).[3] Assuming the truth of the allegations made, nevertheless since we have considered on appeal all possible error in the trial of the case, and since there is nothing in the record that discloses that the delay caused any substantial injustice to appellants, such delay is not a sufficient ground for reversal of the judgment. I.R. C.P. rule 61.

Judgment is affirmed. Costs to respondents.

McFADDEN, Acting C. J., SPEAR, J., and SCOGGIN and HAGAN, District Judges, concur.

---

3. "Rule 77(d). Notice of orders or judgments.—Immediately upon the entry of an order or judgment the clerk of the district court shall serve a notice of the entry by mail in the manner provided for in rule 5 upon every party affected thereby who is not in default for failure to appear, and shall make a note in the docket of the mailing. Such mailing is sufficient notice for all purposes for which notice of the entry of an order is required by these rules; but any party may in addition serve a notice of such entry in the manner provided in rule 5 for the service of papers."

Appellants contend that judgment was entered August 4, 1967, but that they were not notified until August 16, 1967.