2003 OK CIV APP 50

**Aleta COX, Reba Brotherton, Juanita Weaver, and Eudene Cheek, Plaintiffs/Appellants,**

v.

**Ronald Gene CLIFTON, Tamara Clifton, Michael Todd Clifton, and Wendy Clifton, Defendants/Appellees.**

No. 97,677.

Court of Civil Appeals of Oklahoma, Division No. 1.

May 2, 2003.

Dean Hart, Jr., Hart & Hart, Pauls Valley, OK, for Plaintiffs/Appellants.

Bill C. Lester and Lawrence E. Bonnell, Bonnell and Bonnell, Purcell, OK, for Defendants/Appellees.

OPINION BY CAROL M. HANSEN, Judge:

¶ 1 In Oklahoma, the general rule is that a parol gift of land, accompanied by possession by the donee, will be enforced in equity when the donee has been induced by the promise of the gift to make valuable improvements to the land, of a permanent nature, and to such an extent as to render a revocation of the gift unjust, inequitable, and a fraud upon the donee. Such a case will take the case out of the statute of frauds, and entitle the donee to enforce specific performance of the gift and to defend his possession against the donor or his heirs. It must be shown, however, that possession was given and taken in pursuance of and in reliance on the gift, with knowledge and consent of the giver, and that such possession was exclusive. *Loris v. Patrick*, 1966 OK 79, 414 P.2d 249 citing *Johnson v. Kimmell*, 1935 OK 311, 172 Okla. 315, 44 P.2d 978.

¶ 2 Appellants, Aleta Cox, Reba Brotherton, Juanita Weaver, and Eudene Cheek filed this action alleging ownership of certain real estate in McClain County through a warranty deed from Vida Clifton, their mother, dated October 8, 1997. They claimed Defen-

dants occupied and used a portion of their property and refused to vacate the property or to pay for its use. They sought compensation for 24 months rental and for immediate possession of the property.[1]

¶ 3 Defendants, Michael and Wendy Clifton, answered, stating they owned one acre of the property in question through an oral gift to Michael from their grandparents, Vida and Floyd Clifton [2], in December of 1990. They alleged they had made valuable improvements to the property in excess of $40,000.00 in reliance upon the gift. Defendants, Ronald and Tamara Clifton, made similar claim of an oral gift of one acre to Ron, but alleged they had made $10,000.00 in improvements.

¶ 4 After a bench trial, the court found that to allow Appellants to prevail would be unjust enrichment. It quieted title in the described one acre in Michael Todd Clifton and the described one acre in Ronald Gene Clifton. The four Plaintiffs appeal, arguing a sole proposition of error: that the decision of the trial court is against the clear weight of the evidence and is contrary to law and established principles of equity. They argue the facts presented did not support an oral gift of land. We disagree.

¶ 5 Testimony showed Michael and Ronald Clifton believed their grandparents gave them each one acre of the land.[3] Their grandparents had given, by deed, another brother one acre of the land. Michael moved onto his one acre, and with the aid of his father and grandfather, repaired and refurbished a home located on the property. They drilled a well, built a fence, and put in a septic tank. Their grandfather advised Michael where to put the trailer to accommodate a water well. Ron Clifton moved on his one acre with his grandfather advising him

where to put his mobile home and where to drill a well. He built a driveway, installed a septic system, and fenced the property.[4] This all took place long before the grandparents died. At no time did Floyd or Vida repudiate the gift, request the two to leave or pay rent. Ronald and Michael have remained in possession of their tracts from the time of the gifts to the present.[5]

¶ 6 To sustain a parol gift of real estate, the evidence in support thereof must go further than a mere preponderance; the same must be clear, explicit, and convincing as to every element necessary to constitute such a valid gift. There must be (1) intention to give; (2) delivery; and (3) acceptance. *Travelers Ins. Co. of Hartford, Conn. v. Baker*, 1938 OK 150, 182 Okla. 191, 77 P.2d 23.

¶ 7 In a case of purely equitable cognizance, the trial court's judgment will not be disturbed on appeal unless clearly against the weight of the evidence. *Davenport v. Board of Education of City of Drumright*, 1951 OK 102, 204 Okla. 356, 230 P.2d 271. As in *Davenport*, here the evidence fully satisfies the requirements for establishing a valid gift of the land by parol under the rules set out above. The decision of the trial court is not clearly against the weight of the evidence.

¶ 8 Appellees request for appeal related attorney fees is denied.

¶ 9 AFFIRMED.

JONES, J., and MITCHELL, P.J., concur.

---

1. By amended petition, Appellants sought quiet title and ejectment.

2. Floyd Clifton died in August of 1997 leaving Vida Clifton as the sole owner of the property as the surviving joint tenant. Vida died in December of 1997.

3. Testimony indicated when he was offered a deed to the land Ron declined for fear an impending divorce might compromise his ownership.

4. The mobile home burned in October of 2002 and Ronald was forced to move, but he still retains control of the property.

5. Michael lived on the property and raised his family there until late 2000 when he moved to Purcell, Oklahoma, to take a position as Assistant Fire Chief there. He still retains control over the property.