BROWN et al. v. CHRISTOPHER et al.

No. 4360.   Decided June 4, 1926.   (247 P. 503)

1.  EASEMENT—IN ACTION TO ENJOIN DEFENDANTS FROM INTERFER-
    ING WITH CLAIMED RIGHT OF WAY, EVIDENCE HELD TO SUSTAIN
    JUDGMENT FOR PLAINTIFF.  In action to enjoin defendants from
    interfering with claimed easement of right of way, evidence that
    it was intention of original patentee in deed of conveyance to
    plaintiff to reserve a way over such land, and that conveyance
    to defendant recognized existence of such way, and that title to
    way never passed to defendant, held to sustain judgment for
    plaintiffs.

2.  EASEMENTS.  An easement may be created by grant, or it may
    be acquired by prescription.

3.  EASEMENTS.  A reservation of an easement in the deed by which
    lands are conveyed is equivalent for purpose of creation of ease-
    ment to an express grant of the easement by grantee of the lands.

Appeal from District Court, Third District, Salt Lake County; *Ephraim Hanson,* Judge.

Action by Frederick Brown and others against Lee Christopher and another. Judgment for plaintiffs, and defendants appeal.

AFFIRMED.

*P. C. Evans,* of Salt Lake City, for appellants.

---

Corpus Juris-Cyc. References:
[1-3]   Easements 19 C. J. p. 873 n. 63, 69; p. 905 n. 3; p. 911 n.
78; p. 964 n. 29.

*Daniel Harrington,* of Salt Lake City, for respondents.

GIDEON, C. J.

By this action respondents seek to enjoin the appellants from interfering with or obstructing a claimed easement or right of way. It is alleged in the complaint that respondents have a right to the use and to travel over said way in going to and from their premises to a public highway. The public highway is known as Highland drive. The way in controversy is located in sec. 33, T. 1 S., R. 1 E., Salt Lake meridian, Salt Lake county. Highland drive runs southeast from Salt Lake City and the western terminus of the way in question intercepts this highway. Appellants own land immediately south of the way. Respondents' property lies east of Highland drive 36 rods or more, and on either side of said way. The court, among other things, made the following findings:

"That, since about the year, 1882, and for some years prior thereto, by virtue of long user and travel, also by virtue of the grant or dedication by deed of one Jesse E. Murphy, the patentee of the land in question, made on the 4th day of May, 1903, also by virtue of the limitation or reservation in the deed given to defendant Melissa A. Christopher by Frederick Brown, one of the plaintiffs in this case, on or about the 13th day of November, 1914, to the land abutting on the south, of the land in question, the following tract of land, to wit:

"Commencing 956.8 feet west and 362.87 feet south from the quarter corner common to sections 28 and 33, township 1 south, range 1 east, Salt Lake meridian; thence west 593.27 feet more or less to the east side of the county road; thence south 15 degrees, 25 minutes east 17.12 feet; thence east 593.27 feet more or less to a point 16½ feet south of the place of beginning; thence north 16½ feet to the place of be-. ginning, all in Salt Lake county, state of Utah, was used as a right of way or an easement by plaintiffs, their predecessors in interest, and such members of the public as so desired in reaching the several farms and freeholds located easterly of the above-described tract, also as a means of ingress and egress to plaintiffs' said lands.

"That said above-described tract of land has been so continuously and unobstructedly used as a right of way and as a means of ingress and egress to the said premises of said plaintiffs and their predecessors, except for the intrusion of defendants as hereinafter stated,

for over 40 years last past, and the said parcel of land has been thus used by plaintiffs as a road and right of way for all purposes of travel during all of said time, and that such use has been peaceable, continuous, exclusive, open, and adverse as of right, and with the knowledge and acquiescence of the defendants and the predecessors and grantors in interest of said defendants."

The court further found that appellants, within the last three years prior to the institution of the action, wrongfully and illegally, and against the consent of respondents, erected upon the way a post and wire fence. This fence runs east from Highland drive, and is located along or in the wagon tracks of the highway a distance of 36 rods. The fence extends from a point where the way connects with Highland drive, and runs easterly to the east boundary line of appellants' land. The court further found that the fence so erected is an obstruction to the respondents' way, and prevents respondents and the public from using a tract of land varying in width from 3 to 8 feet abutting the said way on the north boundary thereof. It is further found that appellants wrongfully and illegally placed a sign at the entrance of the way on which is written, "Private property; keep out."

The evidence, in our judgment, abundantly supports these findings of the court and the judgment entered thereon.

The land upon which the way is located was patented to one Jesse E. Murphy. Part of the land lying to the east is now owned by Hyrum Murphy, a son of the original patentee. In about the year 1903 the patentee, Jesse B. Murphy, conveyed the lands now owned by appellants, together with other lands, to one of the respondents, Frederick Brown. In the deed of conveyance it is stated that "there shall be a roadway on the north side one (1) rod wide running the entire length of the above-described land." Later, about the year 1914, respondent Frederick Brown conveyed 2½ acres of land to the appellant Melissa A. Christopher. In the deed of conveyance to this land it is stated "subject to a right of way on the north 16½ feet." Frederick Brown and Hyrum Murphy, two of the respondents, testified at the hearing. Both of these witnesses had known the land since and prior

to 1882. Their testimony is uncontradicted that during all of that time, until the date of the obstruction of said way by appellants, they, and others who had occasion to use such way, traveled over the same without let or hindrance from any one. It is also in the testimony that long prior to the settlement of the land, or its patent by the original patentee, parties occupying these lands traveled and used said way as their needs required. It is further testified that in the early days the Indians used such way to travel to and from the country lying beyond.

There is considerable argument in appellants' brief as to the elements that go to make up a public highway, and it is insisted that the court erred in determining this to be a public highway. It is sufficient answer to that argument, and to the cases cited in support of the contention made, that the court nowhere indicated that it held this to be a public highway, or that it was a public highway. It is held to be a way acquired by long use; a way reserved in the conveyance made from the original patentee, and preserved in the conveyance made by the respondent Brown to the appellant Christopher. The respondent Brown testified that at or about the time the conveyance was made to appellant Christopher in the year 1914 he caused the premises sold to the appellants to be surveyed and the north boundary line of such premises established; that the boundary line thus established by the surveyor was along the line upon which appellant at or immediately after that time constructed a fence inclosing the north boundary line of appellants' premises; that the conveyance so made included the 2½ acres of land sold to appellants, independent of any part of the land located within the way. The same witness also testified that the appellant Lee Christopher was present at the time of the survey and at the time the surveyor established the northwest corner of appellants' premises; that the surveyor stated that the post driven was the north boundary line of appellants' land, and that the right of way was to the north thereof; that appellants accepted such boundary line and

established their fence along and upon such boundary line as established by the survey.

Whatever view is taken of the testimony and findings of the court the right to the use of this way by the respondents was clearly established, and any action on the part of appellants tending to obstruct the way was wrongful and against the rights of respondents.

It clearly was the intention of the original patentee, Jesse B. Murphy, in the deed of conveyance to the respondent Frederick Brown in the year 1903, to reserve a way over the land in controversy. The conveyance made to the appellant Christopher by the respondent Brown recognizes the existence of the right of way. The language in that conveyance is "subject to the right of way over and across the north 16.5 feet." The fair and reasonable intent of that language is the recognition on the part of the grantor Brown and of the grantee Christopher that the way already existed. Whether we consider the conveyance made by the original patentee in 1903, or by the respondent Brown in 1904, as reserving a way, the legal effect is the same.

"An easement may be created by grant, or it may be acquired by prescription. The grant may be either express or implied. A reservation of an easement in the deed by which the lands are covered is equivalent, for the purpose of the creation of the easement, to an express grant of the easement by the grantee of the lands." *Wagner* v. *Hanna,* 38 Cal. 111, 99 Am. Dec. 354.

There is this additional fact to be considered: The title to the land in the way never passed to appellants. It is undisputed that the respondent Brown undertook and agreed to convey to appellants 2½ acres of land. It is likewise undisputed that the conveyance gave to appellants 2½ acres independent of any part of the way in question. We find no error in the record. The judgment of the district court is affirmed. Respondents to recover costs.

THURMAN, FRICK, CHERRY, and STRAUP, JJ., concur.