JOHNSON v. PECK et al.

No. 5772.   Decided December 23, 1936.   [63 P. (2d) 251].

Rehearing Denied February 6, 1937.

*Irvine, Skeen & Thurman,* of Salt Lake City, for appellant.

*Backman & Backman* and *H. R. Boyer,* all of Salt Lake City, for respondents.

FOLLAND, Justice.

This suit was brought to establish plaintiff's claim to an easement for a right of way over the west 12 feet of defen-

dants' land, for injunctive relief and for damages. Defendants by answer denied the existence of the easement, set up a counterclaim asserting ownership of the land described free from any easement, and prayed for injunctive relief and for damages. The Johnsons and the Bucks reside on adjoining lots. Both lots were originally owned by the Baird Realty Investment Company. In October of 1923 the company conveyed its title by warranty deed to the Johnson lot, which title by mesne conveyances came to Inar Johnson, husband of plaintiff, by deed dated April 24, 1929. He thereafter conveyed the lot to his wife, the plaintiff herein. No mention of the right of way in question was made in any of these deeds. The company conveyed title to the Buck land on May 24, 1926, to Albert E. Gull. Gull conveyed the lot to Wm. Young, Jr., Charles S. Young, and Juanita Young, his wife, on September 8, 1926. The Youngs conveyed to Hugh L. Peck on July 15, 1930, and thereafter and before trial the Pecks conveyed to Keith Buck and Enid Buck. In each of these deeds there was the following recital:

"Subject to a right of way 12 feet wide over and along the west portion of said land for the use and benefit of the land adjoining said ground on the west to a depth of 20 rods."

Prior to the purchase of his lot by Inar Johnson, he obtained from W. H. Young (presumably the same as Wm. Young, Jr.) the following letter under date of May 7, 1929:

"I understand that you are negotiating to purchase the property adjoining my property on the west for the benefit of which property a right of way was reserved over my property which right of way was described as follows:

"Commencing 13.50 chains south and 17.81 chains west of the northeast corner of the southeast quarter of Section 33, Township 1 South, Range 1 East, Salt Lake Meridian; thence east along the south line of County Road 12 feet; thence south 20 rods; thence west 12 feet; thence north 20 rods, to the place of beginning.

"I understand this right of way was reserved in the deed to Mr. Gull, my grantor, and it was likewise reserved in the deed to me, and it has been and is now recognized by me as existing and being used for the

joint benefit of the property adjoining it on the west, which you are purchasing."

This letter was recorded March 20, 1930. At the time the common grantor, Baird Realty Investment Company, conveyed the Buck lot in 1925 by deed containing reference to a right of way, it owned no adjoining property on the west, it having previously conveyed the Johnson lot without mention of a right of way. The right of way was used by defendants and their predecessors in interest as a driveway and was also used by plaintiff and her predecessors for about twelve years, or ever since the Johnson house was built. It was not an improved roadway except that the parties from time to time placed and spread ashes and cinders over its surface. Plaintiff's testimony tended to show that Inar Johnson relied on the Young letter in negotiating for the purchase of the property and that he would not have purchased it except for such letter and unless he could obtain a right to use the right of way which was not only convenient but necessary. Defendants' testimony tended to show that before Johnson obtained his deed he sought a conveyance from Young of the right of way or an interest therein; that Young refused to give a deed, but instead wrote the letter. After the letter was written and before it was placed of record, the Youngs entered into a contract of sale with the Pecks of date some time in January, 1930. The deed to the Pecks was dated July 15, 1930. Subsequently the Pecks conveyed to the Bucks. The use of the right of way by plaintiff was stopped after the Bucks went into possession and this suit resulted.

Plaintiff in her complaint alleges ownership of an easement for a right of way over the west 12 feet of defendants' land and prayed for injunctive relief and for damages. Defendants by answer deny the existence of the easement and by cross-complaint (counterclaim) alleged ownership of the adjoining land, alleged trespass by plaintiff, and prayed for injunctive relief and for damages. During the trial it was stipulated that plaintiff might file a reply

denying the affirmative allegations in defendants' cross-complaint. After trial and submission of the cause, plaintiff offered an amendment to her complaint wherein it was alleged that plaintiff had been induced to purchase her land on representations of W. H. Young, reciting the letter above quoted, of the existence of a right of way, the existence of such right of way, and plaintiff's claim thereto, being alleged to be within the knowledge of defendants at the time of their purchase, and that they and each of them are estopped to deny plaintiff's right to the use of such easement. At the same time plaintiff offered for filing a reply to defendants' cross-complaint which not only denied the averments thereof but alleged that defendants took title to their real estate with knowledge that plaintiff and her predecessors in interest had been granted an easement and right of way over the described 12-foot strip, and that the writing given by their predecessor in interest, W. H. Young, contained an "implied grant or easement of a right of way," and that defendants are now estopped to set up any claim to the nonexistence of said right of way. The trial court refused to permit the filing of either the amendment to the complaint or the reply. These rulings are now assigned as error and an abuse of discretion on the part of the trial court. Exceptions are taken to the findings of fact made by the court and to the failure of the court to make findings on essential issues. These are the grounds relied on by appellant for a reversal of the judgment and decree.

We are satisfied the trial court did not abuse its discretion in refusing to permit the filing of the reply and amendment to the complaint. The case was fully tried and submitted to the court and by him taken under advisement on April 13, 1933. Permission was given for the filing of briefs. The final brief was filed November 27, 1933. The court on August 22, 1934, filed a memorandum decision in which he found the issues for the defendants and against the plaintiff and directed preparation of findings of fact,

conclusions of law, and decree. Findings, conclusions, and decree were prepared and noticed for hearing on September 15, 1934. On September 14th plaintiff gave notice to defendants' counsel that she would on September 15th make a motion for permission to file a reply to the cross-complaint and an amendment to her complaint. The matter was heard on the last-mentioned date and the motion was denied.

The policy of the law is toward liberality in the allowance of amendments and to regard them with favor to the end that the real controversy between the parties may be settled. The liberality exercised is greatest at the time suit is commenced and decreases as the suit progresses. The trial court has a broad discretion in the matter of amendments to pleadings. 49 C. J. 466, 520; *Johnson* v. *Brinkerhoff*, 89 Utah 530, 57 P. (2d) 1132. Where amendments to pleadings are offered so long after trial and submission of the case, and after decision of the court is announced, the parties offering such amendments have no standing to complain if their offer is refused. The trial court did not abuse its discretion in refusing the filing of such paper.

Appellant claims for the recital contained in the deeds of defendants that it is notice of the claimed easement, and that it furnishes a ground for the allegation of estoppel. Defendants argue that the recital was, if anything, the creation of an easement in gross in the original grantor, the Baird Realty Investment Company. It was not the creation of an easement in gross. The language of the recital is not in the form of a reservation of any easement in the grantor or the creation of a new right in any one. A reservation is the creation in behalf of a grantor of a new right, that is, an easement issuing out of the thing granted, something which did not exist as an independent right before the grant. An exception is a clause in a deed which withdraws from its operation some part of the thing granted which would otherwise have passed

to the grantor under the general description. *Stone* v. *Stone*, 141 Iowa 438, 119 N. W. 712, 20 L. R. A. (N. S.) 221, 18 Ann. Cas. 797. The language of the recital in question is, "subject to a right of way * * * for the use and benefit of the land adjoining said ground on the west. * * *" This clearly is not the vesting of any newly created right in the grantor Baird Realty Investment Company. That company had no right or interest in the land to the west, having conveyed it away some two years before. The recital in the deed could not vest any right of easement in a stranger to the deed. *Beardslee* v. *New Berlin Light & Power Co.*, 207 N. Y. 34, 100 N. E. 434, Ann. Cas. 1914B, 1287; 1 Thompson on Real Property, 414. The recital that the conveyance was made subject to a right of way is rather the recognition of an existing right of way, if there is one, against which the grantor did not warrant title. *Brown* v. *Christopher*, 67 Utah 278, 247 P. 503; see note 18 Ann. Cas. 800.

Such a recital would put the grantee on notice or inquiry as to the existence of such an easement, if there was one. Appellant only claims for the recital that it is notice of the claimed easement and because of such notice the defendants are not entitled to allege the nonexistence of the same. The case for appellant was argued on the theory that the amendment to the complaint and the reply containing allegations of estoppel were properly before this court and that we should decide that issue. We have already held that the trial court did not abuse discretion in refusing to file or consider these pleadings because they came to late. We therefore do not now discuss or decide anything with respect to the question of estoppel. Whether the letter of W. H. Young, one of three tenants in common, may create an easement by estoppel in favor of plaintiff as against the grantees of Young and his cotenants is a matter about which we have serious doubts.

We at first thought plaintiff might be entitled to recover on the ground of an implied grant, under the rule announced by this court in *Rollo* v. *Nelson*, 34 Utah 116, 96

P. 263, 26 L. R. A. (N. S.) 315, and *Morris* v. *Blunt*, 49 Utah 243, 161 P. 1127 (9 R. C. L. 755), but this ground fails because the abstract of title in evidence shows there was no unity of title in the Baird Realty Investment Company at the time of its conveyance of the Johnson lot in 1923. It did not then have title to the Buck lot.

The court made no express findings of fact respecting the only issue in the case, that is, whether plaintiff has an easement for a right of way in the west 12 feet of defendants' land. This is assigned as error. The findings recite that plaintiff and defendants were the owners and in possession of the tracts of adjoining land claimed by them, respectively, but made no finding of fact respecting the existence or nonexistence of the easement in dispute, unless it be the finding that plaintiff was repeatedly entering and driving over the property of defendants on the west without any right so to do. The statement that the entering and driving were without right may be regarded as a statement of ultimate fact, and, as such, is a sufficient finding. In her complaint, plaintiff alleges ownership of an easement for a right of way on the west 12 feet of defendants' land, but the facts on which such easement is claimed to rest were not alleged. Plaintiff cannot complain if the evidentiary facts respecting such claimed easement are not specifically found by the trial court. In any event, the court must have found against the easement on this record.

The judgment of the district court of Salt Lake county is affirmed, with costs to respondents.

ELIAS HANSEN, C. J., and EPHRAIM HANSON, MOFFAT, and WOLFE, JJ., concur.