360 P.2d 403

Lester DAVIS, Plaintiff-Appellant,

v.

Freeman W. GOWEN and Bernice M. Gowen, husband and wife, Defendants-Respondents.

No. 8804.

Supreme Court of Idaho.

March 17, 1961.

Donart & Donart, Weiser, S. Ben Dunlap, Herbert W. Rettig, Caldwell, Frank F. Kibler, Bruce O. Robinson, Nampa, for appellant.

206

Earl E. Reed, Nampa, Zachary & Spence, McCall, for respondents.

KNUDSON, Justice.

During the trial of this case a map marked Plaintiff's Exh. 1 was, pursuant to stipulation of the parties, admitted in evidence, a copy of which is attached and made a part of this opinion. The parcels of land owned by the respective parties which have some bearing upon the issues in this case are identified upon said Exh. 1 by letter or number, or both, and throughout this opinion the respective parcels of land will be referred to by the identification each tract bears on said Exh. 1, instead of by the legal description of such parcels.

On September 3, 1947, appellant acquired a parcel of ground identified on Exh. 1 as D3(1), and by instrument dated November 19, 1947, appellant acquired an adjacent tract of land identified as D3(2). Thereafter and by instrument dated November 19, 1948, appellant acquired a parcel identified as D3(3) and on February 28, 1950, acquired the tract designated as D3(4). Said property was acquired by appellant for use in the maintenance of motel units and trailer court.

On April 30, 1952, respondents purchased from Emmett G. Martin and wife the tract identified as G1 which is adjacent to the Northwest side of appellant's tract D3(3), for the purpose of establishing a machine shop thereon. The deed by which respondents acquired title to tract G1 contained the following reservation:

"Expressly Subject, however * * * Right of way or easement in common with the owners of the adjoining premises for a private road 25 feet wide, adjacent and parallel to the West and Northwest boundary of the within described tract of land; * * *".

The 25 foot right of way mentioned in said reservation is identified on Exh. 1 as "tract R".

At the time respondents purchased tract G1 there was a building on it which has been partially destroyed by fire. During February and March, 1953, respondents rased said damaged building and constructed a larger new pumice stone building, a portion of which extended 7 feet into the right of way identified as "tract R".

By deed dated February 17, 1953, respondents purchased from Emmett C. Martin and wife a tract designated as D2, a portion of which is contiguous and West of a part of tract G1. The typewritten portion of said deed which describes the property being conveyed thereby contains a description of the right of way here in controversy and also contains the following language: "Said right of way is hereby vacated and terminated".

Thereafter and under deed dated April 20, 1955, respondents conveyed to appellant the property referred to as D2. Said deed contained the usual provision conveying "the tenements, hereditaments and appurtenances thereunto belonging or in anywise appertaining" but did not describe or specifically refer to the right of way here involved.

Appellant under his first cause of action alleges that he and his predecessors in title have continuously since February 25, 1950, used and traveled over the right of way here involved (tract R) openly, notoriously, adversely and under a claim of right as a means of egress from and ingress to the premises (D3(1), D3(2), D3(3) and D3(4) ) owned by appellant.

Under his second cause of action appellant alleges that at the time he purchased the parcel D2 he knew that the right of way (tract R) had been used by respondents as a right of way to and from said tract D2, and "that said right of way for said purposes is necessary to the reasonable use and enjoyment of appellant's said real property".

Appellant also alleges that on or about October 10, 1956, respondents placed a fence between said tract D2 and the right of way (tract R) for the purpose of barring and preventing appellant from using said right of way. Appellant prays that respondents and all persons claiming under them be permanently enjoined from in any manner obstructing appellant's free use of said right of way.

Respondents deny that appellant has any rights as alleged and by way of counterclaim pray for damages at the rate of $10 per day for the use of said right of way from April 3, 1957, until such time as appellant shall be restrained from using same, and for $1000 attorneys' fees in defending the action. Respondents under their cross-complaint pray for a decree quieting title to tract G1, including the right of way.

The case was tried to the court without a jury following which judgment was entered directing that no permanent injunction issue, also quieting title to the area in controversy in respondents. This appeal is from said judgment.

We shall first consider appellant's fifth assignment of error wherein it is contended that the trial court erred in decreeing that the acquisition of tract D2 by respondents, while they also owned tract G1, eliminated and vacated the right of way over tract R.

The first instrument in the record wherein any mention is made of the right of way (tract R) is the deed by which respondents acquired title to tract G1. Said deed (dated April 30, 1952) provides that tract G1 is conveyed expressly subject to a "right of way or easement in common with the owners of the adjoining premises for a private road 25 feet wide" (tract R). On said date of April 30, 1952, appellant was the owner of tracts D3(1), D3(2), D3(3) and D3(4) and he contends that since the reservation in said deed (dated April 30, 1952) provided that the easement was to be "in common with the owners of the adjoining premises" it could not be vacated or terminated without the concurrence of appellant as an adjoining owner.

Appellant's said contention poses a question as to what right, if any, did appellant (being a stranger to the conveyance) acquire under or by virtue of the reservation referred to in said deed of April 30, 1952? The answer to this question is found in the generally accepted rule that no estate or interest is created in a stranger to a deed by a reservation therein. If in a

conveyance any reservation is made in the property conveyed, the part reserved remains in the grantors therein, and does not inure to the benefit of a stranger to the instrument. Johnson v. Peck, 90 Utah 544, 63 P.2d 251; Simmons v. Northern Pac. Ry. Co., 88 Wash. 384, 153 P. 321, 155 P. 1039; 28 C.J.S. Easements § 30, p. 686; 16 Am. Jur. 609; 39 A.L.R. 126. Therefore it must be concluded that appellant did not acquire any right to the right of way (tract R) at the time the right of way was originally reserved.

◼ It is our view that the trial court properly concluded that the right of way along tract R was eliminated and vacated upon acquisition of tract D2 by respondents. It is undisputed that Emmett C. Martin and wife were the grantors from whom respondents acquired title to tract G1 by deed dated April 30, 1952, which contained the right of way reservation here involved. The record does not disclose that said grantors (Emmett C. Martin and wife) at the time they conveyed said tract G1 to respondent, owned any other property adjoining, or in the area of said tract G1. Nor is there any evidence that the Martins at any time conveyed to appellant or any person (other than respondents) said reserved right of way easement, or any interest therein. Consequently the Martins retained whatever rights were reserved under said deed of tract G1 until they conveyed such reserved rights, together with tract D2, to respondents under deed Dated February 17, 1953.

The said reserved right of way easement is not only specifically described in and made a part of the property conveyed by said last mentioned deed, it also states that "said right of way is hereby vacated and terminated". Since the Martins were the sole owners of whatever rights were reserved under the deed conveying tract G1 to respondents all such reserved rights terminated and became non-existent when they executed and delivered said deed dated February 17, 1953.

Under appellant's fourth assignment of error it is contended that the trial court erred in failing to find that an implied easement for right of way purposes existed over tract R in favor of appellant.

◼ There is no disagreement between the parties regarding the elements which must exist in order to create an implied easement for right of way. To establish an easement by implication in favor of the dominant estate, three essential elements must be made to appear;

(1) Unity of title and subsequent separation by grant of dominant estate;

(2) Apparent continuous user;

(3) The easement must be reasonably necessary to the proper enjoyment of the dominant estate.

■ The record does not disclose from whom appellant acquired title to either of the tracts identified as D3(1), D3(2), D3(3) or D3(4) and consequently there is no proof that there existed any unity of title between either of said tracts and tract G1 which in any respect affected rights claimed by appellant. An inference may be drawn from the following excerpt from appellant's testimony that a unity of title existed as to tract G1 and D2 under the parties (Martins) from whom respondents acquired title to said tracts:

"Q. You know who owned tracts D2 and G1 before Mr. Gowen purchased them? A. Yes. A man by the name of Martin.

"Q. Did he own both pieces? A. Yes, he did."

However the record does not sustain such inference. Emmett C. Martin and wife conveyed tract G1 to respondents by deed dated April 30, 1952, but they (the Martins) did not acquire title to tract D2 until February 9, 1953. It is true that respondents acquired title to both tracts (G1 and D2) from said Martins, but the record does not disclose a unity of title to said tracts under the Martins.

■ Unity of title as to tracts G1 and D2 came into being when respondents acquired title to D2 and the subsequent separation occurred when respondents conveyed tract D2 to appellant. Said conveyance to appellant contained no mention of an easement or any rights as concerns tract G1. The issue presented is whether an easement to use tract R as a right of way passed to appellant by implication. The trial court determined that appellant did not acquire such right. The evidence as to what statements were made between appellant and respondents regarding the use of tract R by appellant is conflicting. In this connection respondent (Mr. Gowen) testified that appellant came to him (Mr. Gowen) and offered to purchase tract D2 for a trailer court at which time respondent said to appellant "I will sell it to you for just what I paid for it provided you put the driveway on your own property". Said statement is denied by appellant. However, the trial court was convinced and found that during the negotiations leading up to the transfer of tract D2 respondents advised appellant that the right of way (tract R) would not be available to appellant; that appellant expressed his desire to purchase tract D2 for use as a trailer court park; that he, appellant, intended to create a driveway upon his own property, tract D3 (3), for entry and exit to tract D2 in order to have control of the traffic to and from the proposed trailer court.

The trial court also found from conflicting evidence bearing on this issue that shortly after appellant acquired title to tract D2 appellant caused two trees to be removed from the area he intended to use

as a driveway across tract D3(3); that appellant requested and obtained permission from respondents to use tract R in accomplishing removal of said trees; that shortly thereafter appellant offered respondents 2% of the trailer court rentals for use of tract R as a right of way, which was refused by respondents; that following said refusal appellant offered respondents $10 per month for the use of tract R which offer was likewise refused, following which appellant offered to buy all of tract G1, which offer was also refused.

The record contains a great deal of competent evidence submitted on behalf of respondents which is very convincing that appellant was definitely informed and by him clearly understood that even though he purchased tract D2 the use of tract R for any purpose would not be available to him. Such evidence, though contradicted, was convincing to the trial court and under such circumstances no easement right to use tract R could pass to appellant by implication.

■■ The creation of easements by implication rests upon exceptions to the rule that written instruments speak for themselves, and because implied easements are in derogation of such rule, they are not favored by the courts. The general rule is that the burden of proof rests upon the person asserting it to show the existence of facts necessary to create by implication an

easement appurtenant to his estate. 17A Am.Jur. § 37, P. 645–647.

■ The findings contained in the record indicate that the trial court was convinced that appellant's contention could not be sustained and since such findings are founded upon competent, although conflicting evidence, they are binding upon this Court. Checketts v. Thompson, 65 Idaho 715, 152 P.2d 585; McCarty v. Sauer, 64 Idaho 748, 136 P.2d 742.

■ Under appellant's eighth assignment of error it is contended that finding of fact No. IV is not supported by any competent evidence. Said finding states that after the Martins acquired title to tract D2 they approached respondents and offered to sell said property to respondents for the purpose of eliminating the right of way, tract R. The evidence does not support such finding and it is hereby ordered stricken. The presence or absence of such finding is not material to the decision in this case.

Under assignment of error numbered nine appellant challenges the correctness of finding of fact No. IX "for the reason that the deed referred to therein did not terminate the existence of the right of way tract 'R'". However, since no deed is mentioned in said finding No. IX, it is clear that said finding was erroneously referred to in said assignment.

The other assignments of error which we have not hereinbefore specifically referred to relate to claimed insufficiency of the evidence to sustain the judgment and are without merit.

The judgment appealed from is affirmed. Costs to respondents.

TAYLOR, C. J., and SMITH, McQUADE and McFADDEN, JJ., concur.