507 P.2d 710

**Wilford M. BURTON, Trustee, Plaintiff and Respondent,**

v.

**UNITED STATES of America, Involuntary Plaintiff, Respondent and Defendant,**

v.

**Willard ROGERS, Arlene Rogers, his wife, Willard D. Rogers, Jr., Defendants and Appellants.**

**No. 12917.**

Supreme Court of Utah.

March 6, 1973.

1. Charlton v. Hackett, 11 Utah 2d 389, 360 P.2d 176 (1961); DeVas v. Noble, 13 Utah 2d 1332, 369 P.2d 290 (1962).

————————

Robert C. Cummings, Richard S. Johnson, Salt Lake City, for appellants.

Elliott Lee Pratt of Clyde, Mecham & Pratt, Salt Lake City, for respondent.

CALLISTER, Chief Justice:

Plaintiff initiated this action to quiet title to a parcel of real property situated in the Brighton area of Salt Lake County. Upon trial before the court, judgment was rendered for plaintiff and against the defendants on their counterclaim. Upon appeal, defendants seek a reversal of the judgment and a decree in their favor or in the alternative a new trial.

Defendants have set forth eight points in their brief on appeal but seven of these points are contingent on the resolution of the eighth, did the defendants derive any interest in the subject property by means of an unrecorded real estate contract. Defendants' sole claim to the subject property is by means of an assignment of the interest of the buyers under a real estate contract executed on June 1, 1961. The trial court specifically found that the contract did not include the property which is the subject matter of this action. Defendants urge that the interpretation of the contract by the trial court was erroneous.

As a means of clarification, it should be explained that the subject property covers the surface rights of the easterly portion of certain patented mining claims namely, New York Extension 5945A, Silver Lake #5, and Alton. However, in plaintiff's chain of title from the time of conveyance by the patentee, the subject property has been described by courses and distances from a section corner without reference to the mining claims.

The 1961 real estate contract, through which defendants allegedly derived their interest, provided:

Seller, on the terms and conditions herein set forth, agrees to sell and convey, and the Buyer on such terms and conditions, agrees to purchase and pay for the following described tract of land situate in Salt Lake County, State of Utah, to-wit:

That portion of George Lode Survey #5945 which lies North of the Southerly line of Silver Lake #3, Survey #5945; West one-half of Alton Lode Survey #5945–A, all of New York Extension Survey #5945–A, Silver Lake #5 Survey #5945, *excepting therefrom the following described portions thereof:*

Beginning at the Northwest corner of Section 35, Township 2 South, Range 3 East, Salt Lake Meridian, and running thence West 501.5 feet, more or less to a point 8 rods West of the extreme West-

ern boundary of the Silver Lake; thence South along a line passing through a point 8 rods West of the extreme Western boundary of Silver Lake to a point due West of the Southwest corner of said Section; thence due East to said Southwest quarter of said Section; thence North to the point of beginning.

\* \* \* \* \* \*

In addition to the above described lands, Seller covenants and agrees to sell and convey by Quit Claim Deed only the following described property, to wit:

That portion of George Lode Survey #5945 which lies South of Silver Lake #3, Survey #5945; the East ½ of Silver Lake #1, Survey #5945, Alton Lode Survey #5945, New York Extension Survey #5945–A and Silver Lake #5, Survey #5945 *as excepted hereinabove.* [Emphasis added.]

■ The property described in the foregoing exception is the subject matter of the instant action and is the description utilized in the conveyances in plaintiff's chain of title. The trial court interpreted the words "as excepted hereinabove" which follow the property to be conveyed by quitclaim deed as being in reference to the exceptions recited following the initial description of the premises to be conveyed.

Defendants contend that such an interpretation is fallacious and that the described exception is not applicable to the property to be conveyed by quitclaim deed. Defendants proffer no meaning to the words "as excepted hereinabove," and the effect of the interpretation they urge would entirely delete them from the paragraph. To support their contention they suggest that there would be nothing to convey by quitclaim deed if the exception were found applicable.

The record does not support these assertions. Plaintiff's parcel covers only the easterly portion of the Alton Lode, New York Extension, and Silver Lake #5; there is land remaining in each of these claims which could be conveyed by quitclaim deed.

Defendants cite as further ground to sustain their contention that the subject property was not excepted, the following provision in the contract:

The parties recognize and agree that the subject properties are encumbered by various reservations as more specifically set forth in paragraph six hereinabove and it is not intended by the Seller to reserve any interest in the properties unto themselves and, therefore, the Seller covenants and agrees to give a deed of conveyance to the Buyer as to all right, title and interest in and to said lands subject only to the encumbrances set forth in paragraph six hereinabove.

There is a distinction between a reservation and an exception. In Johnson v. Peck [1] this court stated:

> . . . A reservation is the creation in behalf of a grantor of a new right, that is, an easement issuing out of the thing granted, something which did not exist as an independent right before the grant. An exception is a clause in a deed which withdraws from its operation some part of the thing granted which would otherwise have passed to the grantor under the general description. [Citation]

An exception excludes from the grant the property or estate therein described. If a conveyance contains a reservation, the entire property or estate described passes to the grantee, subject to the right, estate, or easement reserved. The reservation creates a new right issuing out of the property granted, which did not exist as an independent right before the grant.[2]

The provision upon which defendants rely constitutes merely a covenant on the part of the Seller that the property which he conveys will not reserve a right, interest, or estate in his grant. This provision is in no way inconsistent with the stated exception, which entirely excludes the described property from the grant.

Defendants further cite a paragraph in the contract which provides that the seller shall furnish to buyer marketable title to the premises by warranty deed except as to those portions to be conveyed by quitclaim deed, with the premises to be free and clear of encumbrances except for certain enumerated encumbrances. Defendants have equated an exception with an encumbrance.

The land described in the exception was completely excluded from the grant; thereafter any promises on the part of the seller concerning reservations or encumbrances was limited strictly to the land which was to be conveyed. The trial court did not err in its determination that defendants received no interest in the subject property by the real estate contract.[3] The

---

1. 90 Utah 544, 549, 550, 63 P.2d 251, 254 (1936).

2. 2 Patton on Titles (2d Ed.), Sec. 344, pp. 139, 140.

3. Subsequent to the execution of the contract, plaintiff quieted title to the subject property against the record owners, who were the contract sellers. However, there was no service by publication against unknown persons so the judgment rendered therein was not conclusive against the contract buyers or their assignees, the defendants. See Section 78–40–13, U.C.A.1953; also see 2 Patton on Titles (2d Ed.), Sec. 468, p. 317; Sec. 539, pp. 426–427.

judgment of the trial court is affirmed; costs are awarded to plaintiff.

HENRIOD, ELLETT, and TUCKETT, JJ., concur.

CROCKETT, J., having disqualified himself, did not participate herein.