557 P.2d 203

Clarence A. PALMER et al., Plaintiffs-Respondents,

v.

Jerry D. FITZPATRICK and Charlene M. Fitzpatrick, his wife, Defendants-Appellants.

No. 11213.

Supreme Court of Idaho.

Dec. 14, 1976.

Richard H. Greener of Webb, Johnson, Redford & Greener, Boise, for appellants.

James E. Hunt of Greene & Hunt, Sandpoint, for appellees.

SHEPARD, Justice.

This is an appeal from a judgment in part favoring plaintiffs-respondents and cross-appellant Palmers in quieting their title to certain land, and in part favoring defendants-appellants and cross-respondents Fitzpatricks in granting to them a prescriptive easement over a portion of Palmers' land. We affirm the judgment of the lower court.

This action arose as a suit by Palmers to enjoin Fitzpatricks from trespass. It was converted into a dispute over the ownership of land known as Lot 3 of Sunnyside Acres (a subdivision in the West ½ of the Southeast ¼ of Section 14, Township 57 North Range 1 West Boise Meridian). Palmers, as plaintiffs, sought to quiet title to said Lot 3 and the Fitzpatricks, as defendants, also claimed title to said property. Fitzpatricks argued as well for a prescriptive easement over a different portion of land admittedly owned by Palmers.

The validity of the trial court's judgment quieting title to the said Lot 3 hinges on the location of the south quarter corner of Section 14. It is apparent that the sole legal question presented hinges on the original monumentation of the original quarter corner by the government survey of 1892. If placed a full 80 chains from its southeast corner, the southwest corner of Section 14 would have rested under the waters of Lake Pend Oreille. Therefore the government surveyor established a meander corner at the edge of the lake. Apparently he intended to proportionately divide the section, and in his notes indicated the south quarter corner's location as 32.76 chains from the southeast corner. The evidence indicates he failed in this intention, however, and actually placed the one-quarter corner a full 40 chains from the southeast corner.

The subdivision of Sunnyside Acres was platted by surveyor John Ashley, Jr., in 1912. On the face of that plat Ashley stated,

"It is evident from the corners *as they appear on the ground* that the government surveyor placed the [south quarter corner] a full 40.00 chains and not 32.-76 chains from the southeast corner * * *. The quarter corner on the south boundary and the bearing trees are in evidence * * *." (Emphasis applied.)

That plat as drawn by Ashley was also signed by all persons owning land at that time in the southwest quarter of the southeast quarter of Section 14.

Resurveys of the area were made in 1947 (Tiggelbeck) and 1961–71 (Largent). Both agreed with the conclusion of Ashley in 1912 as to the actual location on the ground of the one-quarter corner as actually set by the government surveyor. Surveyor Largent testified that he found what he believed to be the stumps of the original bearing trees still in existence. Those trees confirm the Ashley statement as to the location of the south quarter corner. The trial court found and concluded that the south quarter corner was located as noted in the 1912 Ashley plat of the subdivision of Sunnyside Acres. That finding is based on substantial evidence and therefore although in the face of conflicting evidence will not be disturbed on appeal. I.C. § 13–219; *Church v. Roemer,* 94 Idaho 782, 498 P.2d 1255 (1972).

In Idaho surveys constitute legal evidence only when performed by procedures in accordance with the U.S. Manual

of Survey Instructions. In part, that manual instructs:

"The law provides that the original corners established during the process of the survey shall forever remain fixed in position, even disregarding technical errors which may have passed undetected before acceptance of the survey \* \* \*. The corner monument is direct evidence of the position of the corner." Manual of Surveying Instructions 1973, § 4–2, p. 105.

Although original government survey monuments may have been erroneously set, they nevertheless control the boundary. *Case v. Ericson,* 44 Idaho 686, 258 P. 536 (1927); *Sala v. Crane,* 38 Idaho 402, 221 P. 556, writ of error dismissed, 267 U.S. 585, 45 S.Ct. 462, 69 L.Ed. 800 (1925); *Johnson v. Dunn,* 46 Idaho 25, 266 P. 1099 (1928), cert. den.; *Coast Lumber Co. v. Johnson,* 278 U.S. 567, 49 S.Ct. 79, 73 L. Ed. 510; *Day v. Stenger,* 47 Idaho 253, 274 P. 112 (1929). We have considered the remaining portions of appellants' argument relating to the asserted error in the quiet title portion of the trial court's judgment and find them to be without merit.

The remaining facet of this case is the appeal from the trial court's judgment granting appellant Fitzpatricks a limited easement over a portion of respondent Palmers' land. The easement route in issue consists of an old wagon road which runs across property owned by the Palmers in the near vicinity of Lot 3 discussed above. The evidence supports a finding that the Fitzpatricks utilized that old wagon road for travel from 1956 to 1965. Clearly, the Fitzpatricks have established the adverse use required to obtain a prescriptive easement. *N. Western & P. Hypotheekbank v. Hobson,* 59 Idaho 119, 80 P.2d 793 (1938); *Deer Creek, Inc. v. Hibbard,* 94 Idaho 533, 493 P.2d 392 (1972).

The trial court in its judgment granted Fitzpatricks an easement for truck traffic which was limited to pickup trucks of not more than one ton. It is argued by the Fitzpatricks that no limit should be placed on truck traffic over the easement. Palmers contend, as they did at trial, that no easement should be granted but argue further on appeal that if the court finds an easement, the one ton limitation on trucks should be sustained. A right gained by prescription is confined to the right as exercised. *Kirk v. Schultz,* 63 Idaho 278, 119 P.2d 266 (1941); *Loosli v. Heseman,* 66 Idaho 469, 162 P.2d 393 (1945); *West v. Smith,* 95 Idaho 550, 511 P.2d 1326 (1973); *Hall v. Taylor,* 57 Idaho 662, 67 P.2d 901 (1937). The party claiming a right by prescription has the burden of proving the extent and amount of his or her use. *Loosli v. Heseman, supra; Last Chance Ditch Co. v. Sawyer,* 35 Idaho 61, 204 P. 654 (1922); *Sinnett v. Werelus,* 83 Idaho 514, 365 P.2d 952 (1961).

As heretofore noted, the Fitzpatricks have established the right to an easement across the Palmers' land. Although the record is not completely clear as to the exact and precise periods of time that the road was used for each specified type of travel, we do not deem such to be an exacting requirement. The evidence in this regard is highly conflicting and controverted but we believe there to be sufficient, competent evidence to sustain the findings and conclusions of the trial court regarding the extent of the easement by type, and no abuse of discretion has been shown.

A judgment which affects an interest in real property must describe the interests with such certainty that rights and liabilities are clearly fixed. *Sinnett v. Werelus, supra.* It appears from the record that an easement survey submitted by appellants Fitzgerald was ordered by the court to be modified, resubmitted and filed. The record does not disclose such resubmission and filing. Hence, the cause is remanded only for finalization of said easement survey. Judgment of the trial court is affirmed. No costs allowed.

McFADDEN, C. J., DONALDSON and BAKES, JJ., and SCOGGIN, District Judge (Ret.), concur.