827 P.2d 706

**PHILLIPS INDUSTRIES, INC.,**
**Plaintiff–Appellant,**

v.

**Richard FIRKINS and Barbara Firkins, husband and wife, Defendants–Respondents.**

**No. 18476.**

Court of Appeals of Idaho.

March 3, 1992.

Jones, Christensen, Jorgensen, Robison, Holmes & Robison, Pocatello, for appellant. Jack H. Robison argued.

Racine, Olson, Nye, Cooper & Budge, Pocatello, for respondent. Reed W. Larsen argued.

SILAK, Judge.

Phillips Industries, Inc. (Phillips), sold a portion of land adjoining its grain elevator

complex to Richard and Barbara Firkins (the Firkinses). Phillips claims the right to an easement right-of-way over an asphalt lot and a gravel lot on the property conveyed to the Firkinses. An easement was expressly reserved in the conveyance from Phillips to the Firkinses for the purpose of providing Phillips's trucks with access to its loading and unloading facilities. The Firkinses claim that the reservation, which was drafted by Phillips's attorney, unambiguously limits the easement to the Firkinses' asphalt lot. Phillips claims that the reservation is ambiguous, and that the intent of the parties, as demonstrated by extrinsic evidence, was not to limit the right of way to the asphalt lot, but to extend it to the gravel lot as well. Phillips also claims an easement by implication over the gravel lot.

The district court found an express easement in favor of Phillips, but limited it to the asphalt lot. The court further defined the scope of the easement by imposing various restrictions on Phillips's use of the easement. On appeal, Phillips claims the district court erred: (1) by not construing the reserved easement to include the gravel lot, (2) by not establishing an easement over the gravel lot by implication, and (3) by placing excessive restrictions on the easement found. For the reasons stated below, we affirm the district court's judgment with respect to the existence, scope, and use of the easement, but remand for a metes and bounds description of its boundaries.

## FACTS AND PROCEDURAL BACKGROUND

Phillips is a bonded warehouse in the business of merchandising grain. In March of 1985, Phillips purchased the property containing the former Ralston Purina plant, located in Bannock County, Idaho. The property purchased by Phillips constituted all of the parcels labelled 1 through 5 on the map designated as Appendix 1. The plant facilities on the property included silos for grain storage, grain loading and unloading facilities, and maintenance and equipment storage facilities.

The parties in this case dispute the extent to which Phillips's trucks need to pass over the Firkinses' property in order to access the loading and unloading facility (loading facility) at Phillips's plant. The loading facility is located near the middle of the southern end of parcel 4, about 54 feet north of parcel 3. This loading facility has doors on its north and south ends; trucks typically enter through the southern end, are loaded or unloaded, and then exit the other end. Trucks accessing the loading facility must do so from Madison Avenue. The loading facility is set back approximately 84 feet west of Madison Avenue. Thus, trucks approaching the loading facility from the south must turn left off of Madison Avenue, enter the property 84 feet, and then turn back parallel to the road to go through the southern door of the loading facility. The trucks (including trailers and "pups") used by Phillips to haul grain are very long, ranging between 90 and 105 feet. The loading facility's doors are only 14 feet wide, just large enough to accommodate the trucks.

Approximately 81 feet south of the loading facility, on parcel 3, is a building (parcel 3 building). The northeast corner of this building is 72 feet west of Madison Avenue, and 27 feet south of parcel 4. The size of the trucks, narrowness of the loading facility, and the location of the parcel 3 building, make it difficult for Phillips to maneuver its full-length trucks into the loading facility. The record reflects that, when approaching the loading facility from the south on Madison Avenue, the trucks would historically cut across the northeastern corner of parcel 1 (referred to as the gravel lot) in a northwesterly direction, proceed in that direction across parcel 3, just missing the northeast corner of the parcel 3 building, continue northwest onto parcel 4, and into the southern door of the loading facility.

In March of 1986, Phillips sold to the Firkinses parcels 1, 2, and 3, which contained various buildings where the Firkinses intended to operate a recycling business. The deed conveying the parcels to the Firkinses contains three exhibits which sepa-

rately describe the three parcels being conveyed: Exhibit A describes parcel 1; Exhibit B describes parcel 2; and Exhibit C describes parcel 3. After giving a legal description of parcel 3, Exhibit C expressly reserves two easements pertaining to parcel 3. The reservation which is relevant to this case reads as follows:

Subject to and reserving in the Grantor herein and their heirs [sic] an easement on and along the Northeast side of the asphalt lot on said property for purposes of egress and ingress for access by vehicles to Grantor's property and loading and unloading facilities.

The asphalt lot referred to in the reservation is located on the east side of parcel 3. Subsequent to the conveyance, Phillips's trucks continued to cut across both the northeast corner of the gravel lot and the northeast side of the asphalt lot in order to access the loading facility.

During the months of March and April, 1988, the Firkinses placed various objects in front of their building on the asphalt lot which prevented Phillips's trucks from passing over the lot in order to access the loading facility. When the Firkinses refused to move the objects so that Phillips's trucks could pass through, Phillips filed a complaint requesting an order to show cause hearing for the purpose of obtaining a preliminary injunction against the Firkinses' obstruction of the claimed easement right of way. After the hearing was held, the district court granted Phillips's motion for preliminary injunction with various terms and conditions. Later, the parties stipulated to having the matter determined by the district court based upon a transcript of the show cause hearing, as well as briefs, exhibits, and oral arguments to the court. The district court later held another hearing and received additional evidence, after which the court issued a Memorandum Decision and Order dated November 2, 1989. The district court concluded that, while the reservation did not specifically describe the boundaries of the easement, the reservation unambiguously confined the easement to the asphalt lot. Therefore, the district court reconfirmed Phillips's easement over the asphalt lot, but concluded that an easement extending to the gravel lot would be beyond the express limits of the reservation. The court also concluded that Phillips had failed to establish an easement by necessity:

[I]t is possible for trucks exiting and entering [Phillips's] facility to do so without crossing the gravel portion of [the Firkinses'] property, although it certainly would be easier and more convenient to [Phillips] if they were allowed to cross the gravel portion of [the Firkinses'] property.

Pursuant to these findings, the district court concluded that Phillips had failed to prove either an express easement, an easement by necessity, or an easement by implication over the gravel lot, and thus, limited Phillips's easement to the asphalt lot only. The court also decided to place various restrictions on the parties' use of the easement. From this decision, Phillips has appealed.

## ISSUES AND STANDARD OF REVIEW ON APPEAL

On appeal, we must determine whether the district court erred: (1) by construing the express reservation as limiting the easement to the asphalt portion of the Firkinses' property, (2) by failing to imply an easement over the gravel portion of the Firkinses' property, and (3) by placing additional restrictions on Phillips's use of the easement. These issues involve mixed questions of law and fact: whether the facts as found are sufficient to support the district court's legal conclusions regarding the existence and scope of the easement; and whether the restrictions imposed by the court on Phillips's use of the easement were proper. When reviewing mixed questions of law and fact, we review the trial court's findings of fact for clear error, and we review freely the trial court's conclusions of law, i.e., conclusions reached by stating legal rules or principles and applying them to the facts found. *Staggie v. Idaho Falls Consol. Hospitals*, 110 Idaho 349, 351, 715 P.2d 1019, 1021 (Ct.App.1986).

## ANALYSIS

1. *Construction of the Deed's Express Reservation.* In interpreting and

construing a deed our primary function is to seek and carry out the real intention of the parties. *Hogan v. Blakney*, 73 Idaho 274, 279, 251 P.2d 209, 213 (1952). The scope of our inquiry into the parties' intent is limited, however, by the general rule that if a deed is plain and unambiguous the parties' intent must be ascertained only from the deed itself, parol evidence being inadmissible for that purpose. *Gardner v. Fliegel*, 92 Idaho 767, 770–71, 450 P.2d 990, 993–94 (1969). Interpreting intent from an unambiguous deed is a matter of law, the determination of which we review freely. *Latham v. Garner*, 105 Idaho 854, 857, 673 P.2d 1048, 1051 (1983).

■ However, if a deed is ambiguous, the interpretation of the grantor's intent is a question of fact to be determined by the trier of fact. *Id.* When an instrument is ambiguous, intent is determined not only from the instrument itself, but from extrinsic evidence as well. In *Hogan*, our Supreme Court quoted 16 AM. JUR, *Deeds* § 168 at 531–32:

> The tendency of modern decisions is to disregard technicalities and to treat all uncertainties in a conveyance as ambiguities subject to be [sic] cleared up by resort to the intention of the parties as gathered from the instrument itself, the circumstances attending and leading up to its execution, and the subject matter and the situation of the parties as of that time.

*Hogan*, 73 Idaho at 279, 251 P.2d at 213; *see also Gardner*, 92 Idaho at 771, 450 P.2d at 994 (intent of parties under ambiguous deed must be determined from all surrounding facts and circumstances); *Quinn v. Stone*, 75 Idaho 243, 250, 270 P.2d 825, 829–30 (1954) (intent of parties under ambiguous instrument is determined by view of all circumstances in existence at the time the easement was given). As a question of fact, we will not disturb a trial court's construction of an ambiguous instrument unless it is clearly erroneous. I.R.C.P. 52(a); *Allen v. Boydstun*, 111 Idaho 188, 192, 722 P.2d 497, 501 (Ct.App. 1986). The initial determination whether an instrument is ambiguous or not is a

question of law, the determination of which we review freely. *DeLancey v. DeLancey*, 110 Idaho 63, 65, 714 P.2d 32, 34 (1986).

■ We conclude, as did the district judge, that the express reservation in the deed is unambiguous with respect to whether the gravel lot on parcel 1 is included in the easement. It is not. First, we note that the reservation is found only in Exhibit C, which describes parcel 3 and its appurtenances. The phrase "on said property" in the reservation clearly refers to the parcel previously described in the Exhibit, parcel 3. There is no easement of any kind reserved in Exhibit A, which describes parcel 1, containing the gravel lot.

It is significant that the reservation does not provide for a right of way over the entire east side of the asphalt lot, but limits the easement to "on and along the *North*east side of the asphalt lot." (Emphasis added.) If Phillips is granted a right of way over the gravel lot, the route of Phillips's trucks would necessarily be directly through the middle of the *south*east portion of the asphalt lot, in contradiction of the express language of the reservation. *See* Appendix 1. While the language of the reservation may be construed to include some encroachment onto the southeast side of the asphalt lot as being "along the Northeast side" of that lot, we cannot construe that language to extend the easement so far southward as to permit encroachment onto the gravel lot. Because we conclude that the instrument unambiguously excludes the gravel lot, we will not look to extrinsic evidence to ascertain the parties' intent on that issue. We must construe their intent from the unambiguous terms of the instrument.

We reach the same conclusion by viewing the question from another perspective. Our Supreme Court has stated: "Where a conveyance of a right of way does not definitely fix its location, the grantee is entitled to a convenient, reasonable and accessible way *within* the limits of the grant." *Quinn v. Stone*, 75 Idaho 243, 246, 270 P.2d 825, 826 (1954) (emphasis added). We conclude that the exact location of the easement on the asphalt lot is

indefinite, and therefore, Phillips is entitled to a convenient, reasonable and accessible way within that reserved area. Although it would be convenient for Phillips to have a right-of-way over the gravel lot as well, Phillips is not entitled to such an easement as it would not be "within the limits of the [reservation]."

██ Phillips argues that the reservation is, nevertheless, ambiguous because the language stating the purpose of the easement ("for purposes of egress and ingress for access by vehicles to [Phillips's] property and loading and unloading facilities") contradicts the language stating the scope of the easement ("on and along the Northeast side of the asphalt lot on said property"). Phillips claims these phrases create ambiguity because Phillips full-length trucks cannot access the loading facility unless they are allowed to cut across both the asphalt and gravel lots.

The district court considered extrinsic evidence to resolve this apparent ambiguity, and, initially, found in favor of Phillips on this issue. However, after reconsidering the evidence, the court reversed its original finding of necessity, and made the following finding:

> Based on the evidence in this matter it is possible for trucks exiting and entering plaintiff's facility to do so without crossing the gravel portion of the defendant's property, although it certainly would be easier and more convenient to plaintiff if they were allowed to cross the gravel portion of the defendant's property.

This finding is supported by substantial, although conflicting, evidence in the record. Mr. Firkins, and one Sonny Bowlin, both testified that Phillips's full-length trucks could access the loading facility without encroaching on the gravel lot. H.H. Phillips, president of Phillips, submitted an affidavit in which he stated that a truck driver with fifteen years experience was able to get one of Phillips's full-length trucks through the loading facility without crossing the gravel lot. We conclude that the district court's finding that Phillips's trucks can access the loading facility without crossing the gravel lot is supported by substantial, although conflicting evidence, and is, therefore, not clearly erroneous.

Based on the finding that Phillips's trucks can access the loading facility without crossing the gravel lot, the reservation's language which fails to include the gravel lot does not contradict the language stating the purpose of the easement is for access to the loading facility. These provisions are consistent with each other and do not create ambiguity regarding a right-of-way across the gravel lot.

██ While the district court's judgment construing the express reservation is correct, it is not complete. Idaho law requires that a judgment which affects an interest in real property must describe the interest with such certainty that the rights and liabilities of the parties are clearly fixed. *Palmer v. Fitzpatrick*, 97 Idaho 925, 927, 557 P.2d 203, 205 (1976); *Bethel v. Van Stone*, 120 Idaho 522, 528, 817 P.2d 188, 194 (Ct.App.1991). We must, therefore, remand this case for that limited purpose. The easement should be surveyed so that the judgment can furnish a precise description of the course and location of the easement. *Bethel*, 120 Idaho at 528, 817 P.2d at 194. Additional evidence may be taken to determine the precise location of the easement on the property involved in this action. *Sinnett v. Werelus*, 83 Idaho 514, 365 P.2d 952 (1961); *Bethel*, 120 Idaho at 528, 817 P.2d at 194.

██ 2. *Refusal to Find an Implied Easement over the Gravel Lot.* In order to prove entitlement to an easement by implication, Phillips must demonstrate three essential elements: (1) unity of title and subsequent separation by grant of the dominant estate; (2) apparent continuous use; and (3) reasonable necessity of the easement to the proper enjoyment of the dominant estate. *Davis v. Gowen*, 83 Idaho 204, 210, 360 P.2d 403, 406–07 (1961).

██ In this case, the trial court concluded that Phillips failed to prove all the elements of an easement by implication. Essentially, the court found that an easement over the gravel lot was not reasonably nec-

essary to Phillips's proper enjoyment of its estate. The trial court stated:

> The Court has carefully reviewed the decisions of the Idaho Appellate Courts regarding easement by implication and easement by necessity and upon reflection concludes that neither exists in this case. Based on the evidence in this matter it is possible for trucks exiting and entering plaintiff's facility to do so without crossing the gravel portion of defendant's property, although it certainly would be easier and more convenient to plaintiff if they were allowed to cross the gravel portion of the defendant's property.

Our Supreme Court has held that where, as here, the trial court has had an opportunity to view the premises and, therefore, had the advantage of correlating the evidence to the actual situation on the ground, it is for the trial court "to balance the relative situations, pro and con, as to the respective convenience, inconvenience, costs and all other pertinent, connected facts, in determining whether a reasonable necessity exists for the taking of respondents' land, ..." *Eisenbarth v. Delp*, 70 Idaho 266, 270, 215 P.2d 812, 814 (1950) (citations omitted). It is also important to note:

> The creation of easements by implication rests upon exceptions to the rule that written instruments speak for themselves, and because implied easements are in derogation of such rule, they are not favored by the courts. The general rule is that the burden of proof rests upon the person asserting it to show the existence of facts necessary to create by implication an easement appurtenant to his estate.

*Davis*, 83 Idaho at 212, 360 P.2d at 408. The trial court, after careful consideration of all the evidence and weighing the relative burdens and benefits to the parties, found that an easement over the gravel lot is not reasonably necessary to Phillips's proper enjoyment of its property. Because, as cited above, there is substantial, although conflicting, evidence in the record to support that finding, it will not be set aside on appeal.

3. *Imposition of Restrictions on Use of the Easement.* The district court felt compelled to establish various limitations on the parties' use of the property subject to the easement. The court ordered that Phillips make every effort not to cross the easement with loaded trucks, and that Phillips give the Firkinses no less than 24 hours advance notice when the easement was going to be used, and an approximate time when to expect the use. Trucks crossing the easement were prohibited from exceeding 2 miles per hour and from parking on the easement property. The court authorized the Firkinses to place speed bumps on the property subject to the easement, so long as the bumps were painted yellow and spaced at least 20 feet apart. The court prohibited the Firkinses from placing obstacles in the area of the easement which would block the trucks' access to the loading facility, and authorized Phillips to take reasonable measures to remove any such obstacles found blocking access over the easement.

Phillips claims that the district court erred in placing these restrictions on its use of the easement, inasmuch as no such restrictions were prescribed in the reservation. In resolving this issue, we must apply the same standards of review and rules of construction as previously set forth. The goal is to carry out the intent of the parties as their intent is ascertained from the unambiguous terms of the instrument, and from extrinsic evidence if the instrument is ambiguous. If neither the instrument nor extrinsic evidence reveal the intent of the parties regarding the disputed extent or manner of use, then a reasonable use will be implied by law.

> 'When the right of way is not bounded in the grant, the law bounds it by the line of reasonable enjoyment.' This means that the easement must be a convenient and suitable way and must not unreasonably interfere with the rights of the owner of the servient estate.

*Quinn*, 75 Idaho at 246, 270 P.2d at 827.

The reservation in this case is silent with respect to various disputed issues regard-

ing the extent and manner of the parties' use of the property subject to the easement. The reservation says nothing about advance notification of intent to use the easement by Phillips, the speed the trucks are to travel over the easement, whether the trucks are to cross unloaded, or the Firkinses' use of the property while it is not being used by Phillips—which is apparently the vast majority of the time. Because the reservation is unclear on these issues, the trial court properly considered extrinsic evidence of the parties' intent. The record contains Mr. Phillips's testimony to the effect that Phillips never drives loaded trucks over the Firkinses' property, and when Phillips's trucks go over the Firkinses' property they are "Barely creeping, I mean, probably two, maybe three, miles per hour at the very most." In response to his counsel's question "could you minimize the impact to [the Firkinses'] property by giving them advance warning when you would be using it," Mr. Phillips responded, "Absolutely." We conclude that this testimony constitutes substantial evidence to conclude that the restrictions placed on Phillips's use of the servient property are both reasonable and in accordance with the parties' intent. Because the district court's determination is supported by substantial evidence, we will not disturb it on appeal.

## CONCLUSION

The district court's judgment establishing Phillips's right to an easement on and along the northeast side of the asphalt lot on Parcel 3 is affirmed, as are the district court's restrictions placed on the parties' use of the easement. The case is remanded for determination and entry of a metes and bounds description of the property subject to the easement.

It has not been disputed that the prevailing party in this action is entitled to attorney fees under I.C. § 12–120(3). Costs and attorney fees are awarded to the Firkinses pursuant to I.C. § 12–120(3) and I.A.R. 40 and 41.

HART, J. Pro Tem., concurs.

APPENDIX 1

LEGEND
1.  Parcel 1, containing gravel lot.
2.  Parcel 2, uninvolved in suit.
3.  Parcel 3, containing asphalt lot.
4.  Parcel 4, property retained by Phillips.
5.  Parcel 5, property retained by Phillips, uninvolved in suit.

Scale 1" = 100'

NE¼ SW¼
Section 22
T6S. R34E

SWANSTROM, J., concurring in part and dissenting in part.

I concur fully in parts one and two of the opinion. As to part three, however, I respectfully disagree that the record justifies all of the restrictions placed on Phillips for the use of the easement.

Phillips' present use of the easement for truck access to its storage and loading facilities is infrequent, but nevertheless disruptive of the Firkines' use of the same property. The district judge reasonably concluded that both parties have responsibilities in easing the transition between the two conflicting uses. The judge required Phillips to give twenty-four hours' notice of its intended use. I question the need for such an inflexible requirement, as it may be totally unnecessary at times and quite onerous in some circumstances.

The court also ordered Phillips to make every effort not to cross the easement with loaded trucks. I believe this directive is contrary to the obvious purpose of the easement, which is to allow Phillips to receive loaded grain trucks at its storage facility or to have grain trucked away from storage. The restriction is not justified. If loaded trucks damage the easement, the law fixes responsibility and provides a remedy.